GEORGE SIGMAN AND W. H. FERGUSON v. W. B. POOLE.

1. CASE-MADE—*Extension of Time—Power of Trial Court.* The trial court has no power to make an order extending the time originally granted for the making and serving of a case-made after such original extension of time has expired.

2. JURISDICTION—*Failure of—How Shown.* Extrinsic facts, which deprive the trial court of jurisdiction to grant an order extending the time within which a case-made may be prepared and served, the record being indefinite and uncertain upon the question, may be shown in this court.

*Error from the District Court of Cleveland County.*

Motion to dismiss proceedings in error for the reason that plaintiffs in error failed to prepare and serve their case-made within the time allowed by the trial court. Sustained and case dismissed.

*T. E. Berry* and *Williams & Newell,* for plaintiff in error.

*Fisher & Hennessey*, for defendant in error.

The opinion of the court was delivered by

KEATON, J.: On May 28, 1897, the defendant in error filed in this cause a motion to dismiss same which, omitting the formal parts, is as follows:

"Comes now the defendant, W. B. Poole, and moves the court to dismiss the above entitled cause for the following reason, to-wit: That on the 28th day of June, A. D. 1895, the court overruled plaintiff's motion for a new trial in said cause, and on said day granted plaintiff thirty days to make case-made, ten days to suggest amendments and five days' notice of settling and signing case-made, which time expired on the 17th day of August, A. D. 1895, and there was no other or further order made by said court or the judge thereof extending the time for making case-made until the 18th day of October, 1895, long after the time granted for making case-made had expired; a certified copy of said order last mentioned is hereto attached as a part hereof, marked 'Exhibit A,' and that said order shows on its face that the time granted for making and serving case-made had expired, and that the court at the time of making said order last mentioned had lost jurisdiction of said cause and could not make a valid order extending the time of making case-made. A copy of all the proceedings had in said court in relation to making and serving case-made and extending time of serving and making case-made are hereto attached, as a part hereof, marked 'Exhibit A.' Wherefore, defendant asks that this cause be dismissed at the cost of plaintiffs."

In support of said motion, counsel for defendant in error also file and submit the following certificate of the clerk of the district court of said county, to-wit:

"In the Supreme Court of the Territory of Oklahoma.

"*George Sigman and W. H. Ferguson, partners as Sigman & Ferguson*, plaintiffs, *v. W. B. Poole*, defendant.

"CERTIFICATE OF CLERK.

"Territory of Oklahoma,   &#125; ss.
    Cleveland County,   &#125;

"I, Ed. L. Dunn, clerk of the district court in and for the Third judicial district in and for the county of Cleveland, Territory of Oklahoma, hereby certify that on the 18th day of May, A. D. 1897, I made a full examination of the records in my office and of all the papers filed in said cause, in relation to all the proceedings had in said cause in the district court of Cleveland county, Territory of Oklahoma, and find from said examination that the records of said court and the papers filed in said cause show the following, to-wit:  The judge's docket, on page 164, shows the following:  'June 28, 1895, motion for new trial overruled.  Ex. allowed; 30 days to make case, 10-5.'  That thereafter on the 18th day of October, 1895, the court made the following order, to-wit, (omitting the caption):  'Now on this 18th day of October, A. D. 1895, the above entitled cause came on to be heard on motion of plaintiff for an extension of time in which to make case for supreme court, and for good cause shown said time is hereby extended until November 20, A. D. 1895, and ten days thereafter to suggest amendments and five days to serve case thereafter.  Said extension to date from date of last extension.
H. W. SCOTT, Judge.'

"The records of the proceedings of said court had in said cause on the 18th day of October, 1895, show the following, to-wit:  'It is ordered by the court that the time to make a case be and the same is extended 30 days from expiration of last order extending time.'  And the records of the proceedings of said court show that the above order, which is signed by the judge, was copied in the records of the proceedings of said court.

"And I further certify that the above contains a true and correct copy of all the proceedings had in said court in said cause in relation to granting time to make case-made or extending the time thereof, and that my records

do not show that any other orders extending the time for making case were ever made by the court or the judge thereof, and no other orders were ever filed in said cause extending the time for making case except the orders herein mentioned.

"In witness whereof, I have hereunto set my hand this eighteenth day of May, A. D. 1897.

[SEAL]    "ED. L. DUNN, Clerk District Court.

"By JOHN FRANNING, Deputy."

From the record, or pretended case-made, filed in this court on behalf of plaintiffs in error, it appears that their motion for a new trial was overruled and final judgment entered against them by the lower court on the twenty-eighth day of June, 1895, and said case-made was served on defendant's counsel on November 20, 1895.

The only portions of said case-made showing, or purporting to show, any extension of time by said court for the purpose of allowing plaintiffs in error to prepare and serve same, is that contained on page 24 thereof, and is as follows:

"Territory of Oklahoma,  } ss.
  County of Cleveland,     }

"In the District Court within and for said County and Territory.

"*Sigman and Ferguson*, Plaintiffs, *v. W. B. Poole*, Defendant.

"Judge's docket on page 164, among other things, shows as follows: April 27, '95, verdict for the defendant, motion for new trial filed.   June 1, passed to adjourned term.  June 28, '95, motion for a new trial overruled.   Ex. allowed; 30 days to make case, 10-5."

We find nothing in the record that purports to be an order extending the time for plaintiffs to make and serve their case-made after that of June 28, 1895, conceding that the portion of the record above set out shows such

an order on that date. It is true that there is a state-
ment immediately following the above portion of the
case-made, which purports to be a transcript of the
judge's docket, in the following language: "That there-
after, and before the expiration of time to make and serve
case, the above time was extended by the court by his
order to November 20, 1895, in which to make and serve
a case-made in above cause and court;" but the certifi-
cate of the clerk, filed in support of the motion to dis-
miss, shows that said order extending time to November
20 was made on the eighteenth day of October, 1895, and
this is evidently the same order referred to in said state-
ment above quoted. If not, then the order of extension,
if any was, in fact, made before the expiration of the
time first allowed within which to make and serve said
case, should have been set out in the case-made, or, at
least, should be properly presented to this court now in
opposition to the motion to dismiss, which said motion
was duly served upon counsel for plaintiffs in error on
the 27th day of May, 1897.

We do not wish to be understood as holding in this
case that a statement in a case-made, which is duly
signed and settled by the trial court, can be contradicted
by extrinsic evidence in this court, but, where a state-
ment in such a case-made merely refers to an order of
the trial court, as in this case, without setting out the
order or giving the date thereof, we think the order
itself, or a duly certified copy thereof, should be consid-
ered by us as explaining or modifying such statement to
the extent of showing conclusively the date on which
said order was made and the contents of the same. Such
orders can only be made by the court, or by the judge
thereof, at chambers, while within his district, and, in
either event, they should be on file or of record in the

office of the district clerk of the county, or their absence accounted for in some legal way.

The only important question to be decided in this matter is whether or not such a showing as that made in support of the motion to dismiss this cause can be considered by us, and we have determined that it is proper for our consideration, upon the ground that it shows a want of power or jurisdiction in the trial court to make the order extending the time which he assumed to make on October 18, 1895. See *Dunn v. Travis*, [Kan.], 26 Pac. 247, wherein it is said: "A motion to dismiss the case was filed and considered by the court at the May sitting in 1889. That motion was then overruled (no opinion) on the ground that the recitations in the record could not be controverted, but the ruling is now reconsidered and modified to the extent that questions of jurisdiction may be examined, and, if it is shown that the court or judge at chambers has made an order that neither the court nor judge at chambers had the power to make, the want of jurisdiction may be shown to impeach the record. It is established beyond question now that at the time the judge made the order extending the time for service of the case-made and its settlement and signing the same was made in the state of Illinios, while the judge was away from this state on a visit to that state. The order extending the time is therefore a nullity, as it will not be seriously contended that he could make judicial orders while absent from his district. The case not having been served and settlement made within the time originally granted by the court for that purpose, we cannot review it. It is recommended that the petition in errror be dismissed."

For the reasons stated, the motion to dismiss the

petition in error is sustained and the cause dismissed at the cost of plaintiffs in error.

All of the Justices concurring.