CARLEY J. BLANCHARD v. UNITED STATES OF AMERICA.

(Filed February 18, 1898.)

1. CASE-MADE—*Extension of Time—Void Order.* A judge of the district court has no power to extend the time to make a case-made when he is out of the Territory, and orders so made are absolutely void; and where the time originally granted, with proper extensions, has expired, not only the orders made by the judge extending the time to make the case while he was out of the Territory are void, but all orders for such extension of time made by him after he returns to the Territory are void.

2. SAME—*Record—Extrinsic Facts.* The certificate of the trial judge, in settling a case-made, that the time for making and filing the case was extended, and never allowed to expire, may be impeached by extrinsic evidence, showing that at the time of making necessary portions of such extensions he was out of his jurisdiction, and therefore had no power to make such orders.

3. SAME—*Transcript.* While a case which is sought to be presented upon a case-made may undoubtedly be considered upon a transcript of the record, where the case-made presents a complete transcript of the record of the trial court, yet a void case-made can not be converted into a transcript of the record by presenting a certificate of the clerk, in authentication of the papers presented as a transcript, after one year has expired from the date of the judgment appealed from, and where there was no certificate of the clerk to be amended.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before Henry W. Scott, District Judge.*

*J. L. Brown,* for plaintiff in error.

*C. R. Brooks, United States Attorney; T. F. McMechan* and *Roy Hoffman, Assistant United States Attorneys,* for the government.

The United States prosecuted Carley Blanchard for perjury. He was convicted and sentenced to the penitentiary for a term of five years, from which judgment this appeal is taken. Dismissed.

Opinion of the court by

BIERER, J.: At the last term of this court, in June, 1897, the appeal in this case was dismissed, upon motion of the United States, on the ground that the case-made had not been properly served. Counsel for Blanchard then filed a motion to set aside the order of dismissal, and re-instate the case, and it is claimed that the case made was, in fact, properly served, and in due time. On account of the importance of the case, we have gone, again, over the record for the purpose of ascertaining whether the claim that the case of plaintiff in error was properly dismissed from this court, and whether there was any legal ground upon which his case could be considered in this court upon its merits, as we would very much prefer to do, if that could be done.

It appears that the judgment of conviction and sentence was entered against defendant on the 29th day of December, 1894, and the appeal was filed in 27th day of December, 1895. At the time the judgment was entered, the defendant was given sixty days within which to make and serve a case-made, and giving to the evidence now presented by the defendant the full scope which he claims it should be given, it would appear that the time to make and serve the case was extended from time to time until the case was finally settled by the trial judge on the 24th day of December, 1895, and that the case was delivered to Mr. McMechan, assistant United States attorney, in August, 1895. Mr. McMechan, in his affidavit, denies positively the statements in the affidavits of the defendant's wife and his attorney, that the case was so served on him, but this question of fact need not be now settled,

for the showing of the defendant is that the extensions of time granted up to July, 1895, expired during that month, and that following these extensions of time, and to keep the time alive, two extensions were granted by Judge Scott, one while he was at Manitou, Colorado, on the 21st day of July, 1895, and the next while he was at Kansas City, Missouri, on the 11th day of September following. All these facts being shown, even if the case-made was served in August, 1895, the service of the case, and the subsequent settlement of it, were nullities, because the time properly granted had entirely expired, and the extension of time to make the case, and which carried the case over the month of July, being made by Judge Scott while out of the Territory, and in the state of Colorado, was an absolute nullity. He manifestly could perform no official act while entirely, and for all purposes, out of his jurisdiction, when he was out of Oklahoma, and any order made under such circumstances was void. (*Dunn v. Travis*, [Kan.] 26 Pac. Rep. 247; cited in *Jones v. Kellogg*, [Kan.] 33 Pac. Rep. 997.)

Subsequent extensions of time, made after the trial judge returned to the Territory of Oklahoma, and after the time had expired under the previously and properly made orders, were also void. (*Able v. Blair*, 3 Okla. 399; *U. S. ex rel. v. C. O. & G. R. R. Co.*, 3 Okla. 404; *Polson v. Purcell*, 4 Okla. 93.)

It is true the certificate of the judge in settling the case-made does state that by the orders of the court the time for making and filing the case-made was extended and never allowed to expire, but this certificate is not conclusive, and may be impeached, by showing that the trial

court, or judge, had no jurisdiction to grant the orders making such extension of time. (*Dunn v. Travis, supra; Sigman v. Poole,* 5 Okla. 677; 49 Pac. Rep. 944.)

Counsel for defendant has also supplemented his motion to re-instate this case with a certificate of the clerk of the district court of Oklahoma county, that parts of the case made, as appear upon the pages therein stated, and which purport to be copies of the journal entries, entered of record in the case in the trial court, copy of the indictment, and demurrer thereto, instructions of the court, and the judgment of the court, etc., are true and correct copies of these original papers and entries as they appear of record, and he contends that if the case cannot be considered on the case-made, that it is now presented upon a transcript of the record of the court below. There is no doubt that, although a case-made might be held insufficient to present any question for review in this court, yet if, with the case-made, a complete transcript of the record was properly presented, the questions which would appear on such transcript, and which were assigned as error, would be here for review by this court. But the case-made presents no certificate of the clerk of the court that these entries are true, and no certificate that can present the record as a transcript of the trial court; and the certificate which is now attached to these papers was not even made by the clerk of the court until the 21st day of June, 1897, almost two and one-half years after the judgment was entered. The law requires that an appeal must be taken within one year after the judgment is entered. (*Swan v. United States,* 2 Okla. 114.) And this not only means that the petition in error must be filed, but that the record of the trial court, upon which it is

sought to present the errors complained of, must also be exhibited. Now, when it was adjudged that the case-made attached to the petition in error was void, the case stood as if no record of the trial court whatever was attached thereto, for there was nothing to present any of such record, excepting a void case-made; and the defendant can no more make this void record a good record, upon which to present the errors assigned, by the attachment of the certificate of the clerk of the trial court thereto, after the time for appeal had expired, than he could do so by presenting for the first time a transcript of the record at such stage of the case. We do not mean by this to be understood as holding that the certificate of the clerk to a transcript of the record might not be amended after the time for appeal had expired, in order to cover some hitherto undiscovered defect therein. That question is not now in the case, because there was no certificate of the clerk whatever to be amended. There was, therefore, nothing to which an amendment could be made, and therefore nothing to amend. For these reasons the motion to re-instate the case must be overruled, and the appeal finally dismissed.

All the Justices concurring.