## BOARD OF COMMISSIONERS OF DAY COUNTY v. F. M. HUBBLE.

(Filed Feb. 11, 1899.)

1. CASE-MADE—*Extension of Time.* An order extending the time to serve a case-made must be made before the expiration of the statutory time for service in the first instance, or before the extension of time allowed by the court or judge has elapsed.

2. SAME—*Order Extending Void, When.* The district court or judge has no power or authority to make an order extending the time for settling and serving a case-made after the extension of time originally allowed has elapsed, and any order of extension after the expiration of such original order is absolutely void.

3. SAME—*Service—Certificate.* Where it affirmatively appears in the record that the case-made was not served in due time, the certificate of the trial judge to the case-made that it was "duly served in due time" is not sufficient.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before John C. Tarsney, District Judge.*

*John F. Stone,* for plaintiff in error.

*C. O. Blake* and *E. E. Blake,* for defendant in error.

Action by F. M. Hubble against the board of county commissioners of Day county. Judgment for plaintiff. Defendant brings error. Dismissed.

Opinion of the court by

HAINER J.: This case comes here on appeal from the district court of Canadian county, on what purports to be a case-made. The defendant in error challenges the

jurisdiction of this court to consider this case, for the reason that the case-made was not served in time. It appears from the record in this case that on the 23d day of April, 1898, the defendant in error recovered judg- ment upon a number of county warrants, against the board of county commissioners of Day county, plaintiff in error, for the sum of $5,146.85 and costs of the action. The record further shows that, at the time the judgment was rendered, namely, on the 23d day of April, 1898, the defendant's motion for a new trial was considered, and overruled by the court. To which judgment and ruling of the court the defendant at the time excepted, and was given 60 days in which to make and serve a case-made. It further appears from the record that, on the 20th day of July, 1898, upon application of the plaintiff in error, an extension of time for 30 days was granted for making and serving a case-made. The record further shows that the case-made was served upon the counsel for defendant in error on the 4th day of August, 1898, and the case-made was not settled and signed by the district judge until the 6th day of August, 1898. Hence, the record in this case shows that the order of July 20, 1898, allowing ex- tension of time to make and serve the case-made, was not made by the judge of the district court until 88 days after the original order of the court was made fixing and extending the time in which the case-made should be served. It is therefore a nullity. An order extending the time to serve a case-made must be made before the expiration of the statutory time for service in the first instance, or before the extension of time allowed by the court or judge has elapsed. The district court or judge has no power or authority to make an order extending the

time for settling and serving a case-made after the extension of the time originally allowed has elapsed and any order of extension after the expiration of such original order is absolutely void. (*Abel v. Blair*, 3 Okla. 399, 41 Pac. 342; *Polson v. Purcell*, 4 Okla. 93, 46 Pac. 578; *Sigman v. Poole*, 5 Okla. 677, 49 Pac. 944.)

Where it affirmatively appears in the record that the case was not served upon the defendant in error or his counsel within the time fixed by the court in its original order, and after the time for serving the case had elapsed, the certificate of the trial judge to the case-made that it was "duly served in due time" is not sufficient. A certificate of the judge to the case-made imports verity of the preceding statements, but nothing more. (*Brown v. Johnson*, 14 Kan. 377.)

In *Gimbel v. Turner,* 36 Kan. 679, 14 Pac. 255, it was held that the certificate of the judge that the case was "duly served" will not overcome a specific recital in the record showing that the case was not served in due time. For the reasons herein stated, this court has no jurisdiction to review the case, and the petition in error is therefore dismissed.

Tarsney, J., having presided in the court below, not sitting; all of the other Justices concurring.