J. F. Glick v. Hattie H. Lowe *et al.*

No. 12,316.  (65 Pac. 231.)

SYLLABUS BY THE COURT.

1. Practice, Supreme Court—*Summons in Error.*  A summons in error, in which no persons are named as defendants in error in either the head or body of the writ, but which names certain persons as attorneys for defendants in error not designated, is fatally defective, and gives the court no jurisdiction.

2. ——— *Jurisdiction by Stipulation.*  Where the time has elapsed within which a proceeding in error may be brought, and no such proceeding has been instituted, the parties cannot thereafter, by stipulation, entry of appearance, or otherwise, vest the court with jurisdiction of a belated proceeding.

Error from Coffey district court; Charles B. Graves, judge. Opinion filed June 8, 1901. Division one. Dismissed.

*James Redmond,* for plaintiff in error.

*J. Jay Buck,* and *J. G. Hutchison,* for defendants in error.

The opinion of the court was delivered by

Johnston, J. : This is a proceeding brought to review a judgment rendered against J. F. Glick and in favor of Hattie H. Lowe and others by the district court of Coffey county. The jurisdiction of this court is attacked by the defendants in error upon the ground that they have never been legally summoned or otherwise properly brought into court within the statutory period for the commencement of such proceedings.

The summons in error was fatally defective, as it did not indicate, in either the heading or body of the writ, who were the defendants in error. It was directed to the sheriff, and commanded him "to notify

J. Jay Buck and J. G. Hutchison, attorneys for defendants in error''; but the persons for whom they were attorneys were not shown by the summons.   The summons so issued followed the præcipe filed by the plaintiff in error in this respect, as it did not name the defendants in error.   The summons was never served on the defendants in error and no appearance was made by them, or at least none was made within a year after judgment was rendered.   As the summons in error is the process by which jurisdiction of the defendants is obtained, it is important that the substantial requirements of the statute be observed.   The code provides that the summons in error shall issue and be served as in the commencement of an action. (Civil Code, § 544; Gen. Stat. 1901, § 5028.)   In the commencement of an action it is provided that a summons shall be issued, directed to the sheriff, commanding him "to notify the defendant or defendants named therein."   It is sometimes held that if the name given in the writ is defective, but *idem sonans* with the defendant's real name, the variance will be deemed to be immaterial; but where no defendant is named in the writ, no jurisdiction is acquired over any one.

While the case was pending in the court of appeals a written stipulation was filed by the parties for the continuance of the case, and it is contended that this should be treated as an entry of appearance which vested the court with jurisdiction of the defendants. The stipulation, however, was not filed until nearly four years after the judgment sought to be reviewed had been rendered.   To obtain a review, it is necessary that the proceedings be brought within one year after the rendition of judgment, and whatever might have been the effect of the stipulation if it had been filed

11—63 KAN.

within a year, it cannot give jurisdiction after the lapse of the period within which a review may be had. The effect of an entry of appearance after the lapse of the year was considered in the opinion *per curiam* in *Mitts v. Smith*, reported in 60 Pac. 822. It was there said :

"In these cases, when the year had elapsed, there was nothing on file which the court had power to review, and no agreement or action of the parties could thereafter supply a proper record or vest the court with jurisdiction of subject-matter or parties. If no proceeding had been instituted until after the lapse of a year, the voluntary appearance and application of all the parties or any agreement that they might make and present would not confer jurisdiction to review the proceedings, and no more can the entry of appearance or stipulation of the parties, made after the year, make valid that which was invalid, nor give jurisdiction not previously possessed."

It follows that the motion to dismiss must be sustained.

CUNNINGHAM, GREENE, ELLIS, JJ., concurring.