·Springfield Fire & Marine Ins. Co. v. Gish,. Brook & Co:

No. 273.    Opinion Filed May 12, 1909.

(102 Pac. 708.)

1.    **APPEAL AND ERROR—Dismissal—Defect in Petition in Error.**
A petition in error, in the title of which defendants in error are
designated by their firm name only, is not fatally defective, and
.will not, on such account, be dismissed without first giving leave
to plaintiff in error to amend, where the judgment appealed from
is correctly described in the petition in error, and where such
petition in error, aided by the case-made, which is attached to,
and made a part of, the petition in error, discloses the names
of the individuals constituting the partnership.

2.    **APPEAL AND ERROR—Dismissal—Defect in Summons in Error.**
A summons in error, in which defendants in error are designated
by their firm name only, and which has been served upon the
attorney of record for the defendants in .error, is not absolutely
void on account of failure to designate the defendants in error
by their individual names, and such irregularity, under the pro-
visions of section 4343, Wilson's Rev. & Ann. St. 1903, is rem-
ediable by amendment.

3.    **APPEAL AND ERROR—Case-Made—Order Extending Time.**
Where a motion for a new trial in the trial court is necessary
in order that the matters complained of by plaintiff in error in
his petition may be reviewed by this court upon a proceeding in
error, an order of the trial court, made within three days after
the entry of the order overruling the motion for a new trial,
by which the time for making and serving a case-made is ex-
tended, is valid, although the judgment is not entered until after
the entry of the order overruling the motion for a new trial, and
after the making of the order extending the time in which to·
make and serve a case.

4.    **SAME.** A purported order of the trial judge, extending the time
in which to make and serve a case-made, is without force, where
the case-made fails to show affirmatively that such order was
made, and where it does not appear that such order was ever
filed in the case in the lower court, or entered of record upon
the journal of the court, as required by section 4731, Wilson's
Rev. & Ann. St. 1903.

(Syllabus by the Court.)

*Error from District Court, Caddo County; Frank M. Bailey,
Judge.*

Action by M. N. Gish and others, co-partners, doing business under the name of Gish, Brook & Co., against the Springfield. Fire and Marine Insurance Company. Judgment for plaintiff, and defendant brings error, and plaintiff moves to dismiss the petition in error. Motion sustained.

*Fulton, Stringer & Grant,* and *Wm. Thompson,* for plaintiff in error.

*A. J. Morris,* for defendant in error.—Time in which to make and serve case-made—order of extension—insufficiency of record: *Devault v. Merchants' 'Exc. Co.,* 22 Okla. 624; *Homer v. Christy,* 4 Okla. 553; *Gardenshire v. Burdick,* 7 Okla. 212; *Sproat v. Durland,* 7 Okla. 230; *Ford v. McIntosh,* 22 Okla. 423; *Sigman v. Poole,* 5 Okla. 667; *Board of Com'rs v. Burrow,* 8 Okla. 212.

HAYES, J. This proceeding in error is brought from a judgment rendered in the district court of Caddo county, in an action wherein M. N. Gish, T. H. Brook, and G. W. Baker as joint plaintiffs, doing business under the firm name of Gish, Brook & Co., sued plaintiff in error on an insurance policy issued by plaintiff in error to said partnership, Gish, Brook & Co. Defendants in error have entered their special appearance in this court for the purpose of filing and presenting a motion to dismiss this proceeding upon several grounds.

The petition, after the caption, giving the style of the court, is styled as follows: "Springfield Fire & Marine Insurance Company, Plaintiff in Error, v. Gish, Brook & Co., Defendants in Error." Plaintiff in error complains of the defendants in error, and alleges that the defendants in error, Gish, Brook & Co., at the January, A. D. 1908, term of the district court of Caddo county, recovered a judgment against it. The names of the persons constituting the partnership appear neither in the body of the petition, nor in the title thereto. This is the first objection for which dismissal is asked. It is insisted that a partnership is not a legal entity, and that therefore there is no defendant in error in this proceeding, and that the parties to the action in the trial court,

whose interest in the judgment will be affected by the reversal thereof, have not been made parties to this proceeding. Plaintiff in error has asked leave to amend its petition by stating therein the names of the persons constituting the partnership. The case- made is attached to the petition in error, and by specific language of the petition in error is made a part thereof. The case-made ful- ly discloses that the said M. N. Gish, T. H. Brook, and G. W. Bak- er constitute the firm of Gish, Brook & Co., and that they are the real defendants in error. The petition, aided by the case- made, readily informs any one who the parties defendant in error are, and the objection made by the motion is one of technical ir- regularity, rather than an irregularity that affects the substantial rights of the parties, and it is evident that the designation of the defendants in error by their firm name in the title is the result of inadvertence or loose practice on the part of counsel, into which counsel for plaintiff in error seems not alone to have fallen, for the findings of the trial court and its judgment appear to have been in one entry, and is styled as follows: "Gish, Brook & Co., Plaintiff, v. Springfield Fire & Marine Insurance Company, De- fendant"—and there is nothing in this entry which discloses who the members of the firm are. It recites that the judgment is rendered in favor of the above-named plaintiffs, which results in the judgment being rendered in favor of the plaintiffs in their firm name. The judgment, therefore, is correctly described in the petition.

It is not centended that, by failure to state in title the names of the individuals composing the partnership, defendants in error have been misled, or that the petition in error is insufficient to inform them in what action it is taken, or what judgment is sought to be reversed. Under the provisions of our Code providing for amendments, which we shall discuss more fully in the consideration of the next proposition which arises on this motion, we think that a motion to dismiss this petition should not be sustained, without an opportunity being given to plaintiff in error to amend its pe- tition, for the reason that the only defect appearing therein, when

the petition is read in connection with the case-made, is that the petition is incorrectly entitled, and this is not an error for which it should be dismissed. *Missouri River, F. S. & G. R. Co. v. Owen*, 8 Kan. 409.

In this jurisdiction where the mode of review is by writ of error, such proceeding is generally classed as an original action, and the formal requisites necessary to the institution of a new suit must be strictly complied with. *Webster v. Gaff et al.*, 6 Colo. 475; *Ripley v. Morris*, 2 Gilm. (Ill.) 381; *Eldridge v. Walker et al.*, 80 Ill. 270; *Allen, Ball & Co. v. Mayor*, 9 Ga. 286; *Gregg et al. v. Bethea*, 6 Port. (Ala.) 9; *Macklin v. Allenberg et al.*, 100 Mo. 337, 13 S. W. 350. And the rule generally prevails that a writ of error, prosecuted by or against a partnership without setting out the names of the members of the partnership, is a fatal defect, and confers no jurisdiction upon the appellate court (*Godbe v. Tootle*, 154 U. S. 576, 14 Sup. Ct. 1167, 19 L. Ed. 831; *Mussina v. Cavazos*, 6 Wall. 355, 18 L. Ed. 810; *Samuel Smyth v. Strader, Pevine & Co.*, 12 How. 327, 13 L. Ed. 1008), but in those jurisdictions where appellate proceedings are had by other modes than by the writ of error, and where the distinction between an appeal and a writ of error has not been preserved, an appellate proceeding is not generally regarded as an original action. 2 Enc. Pl. & Pr. 35.

The distinction between an appeal and a writ of error has not been preserved by the statutes of this state. In civil cases, but one mode of review by this court of a judgment or final order of a district court or county court is provided. That mode is generally known as a proceeding in error, and is effected by filing a petition in this court, together with a case-made or a transcript. A proceeding in error under the statutes of this state has many features of a new action, and the provisions of the statutes for taking and prosecuting an appeal or proceeding in error are, in some respects, the same as for the commencement and prosecution of an original action in the trial court, but such proceeding is rather a continuation in this court of the original action begun

in the lower court than a new action. It is a subsequent proceeding in the same action, but in a different court, to the taking and prosecution of which the statutes prescribe the thing necessary to be done, and such provisions of the statutes are mandatory. A proceeding in error cannot be begun in this court without a petition, nor by petition without either a case-made or a transcript, and the issuance of a summons, the service of which upon the necessary parties gives this court jurisdiction; but the purpose and object of a petition are only to inform the court and the interested parties of the action in which the appellate proceeding in this court is desired, and of the judgment or order of the trial court sought to be reversed, vacated, or modified, and of the errors of the trial court for which a reversal is sought. The petition in error in the case at bar, aided by the case-made, accomplishes all these objects. There can be no uncertainty in the mind of any one who reads the petition filed in this court as to the action in which this proceeding is brought, nor as to the judgment sought to be reversed, nor as to the actions of the trial court of which the plaintiff in error complains. The judgment is correctly described in the petition, and the errors of the trial court complained of fully and definitely set out therein; and, if service of summons has been had upon the necessary parties to this proceeding, or if they have entered their appearance, the mere entitling the case in the name of the firm is a technical defect in the form of the appeal, the amendment of which can in no way result in substantial injury to the defendants in error.

But defendants in error object in their motion that no summons has been issued and served upon them in this proceeding, as is required by the statutes. Section 4736, Wilson's Rev. & Ann. St. 1903, provides that when a petition in error is filed, a summons shall issue and be served as in the commencement of an action. Section 4259 provides that the summons in an original action shall be directed to the sheriff of the county, and shall command him "to notify the defendant or defendants named therein to answer the petition of the plaintiff filed therein" giving his name. The

summons in error issued in this proceeding does not contain the names of the individuals composing the partnership. It commands the sheriff to notify Gish, Brook & Co., defendants in error, and A. J. Morris, their attorney of record. It was served only upon A. J. Morris, as attorney for defendants in error. It is urged that the summons in error is void for the reason that it does not contain the names of the defendants in error, and that service of the same upon the attorney is without force, and that, since one year has expired since the entry of judgment in the trial court, the proceeding should be dismissed. It has often been held by this court, and by the Supreme Court of the territory of Oklahoma, of which this court is the successor, that one who seeks to reverse upon review in this court a judgment of an inferior court must file his petition in error, and have summons issued thereon within one year after the entry of the judgment in the trial court. If the summons issued in this proceeding is void, then the motion should be sustained; but we are not of the opinion that it is void. The section of the statute above referred to directs that the summons in error shall be issued and served as the summons in the commencement of the action in the trial court; and, in the absence of authorities directly in point upon the question here presented, we may look to the rules of the court determining the validity of the summons at the commencement of an action to determine the validity of the summons in error in this proceeding.

It is a well-settled rule of the courts that no process or proceeding in a civil action which is amendable is absolutely void. We do not think the naming in the summons of the attorney for defendants in error adds anything to its validity, or corrects any defect therein resulting from the omission to name the individual defendants in error. The statute provides for the service of the summons in error upon the attorney of record in the appellate proceeding, but it does not require that the attorney of record shall be named in the summons. He is not a party to the proceeding, and the requirements of the statute are met by naming the defend-

ants in error in the summons issued; for it is required by the statute that the summons shall command the sheriff to notify only the defendants named in the summons. But section 4736, Wilson's Rev. & Ann. St. 1903, authorizes an additional mode of service of the summons in a proceeding in error to that provided for the service of the summons in the commencement of an action, in that it provides that service may be had by serving the summons upon the attorneys of record for the defendants. The designation of his name in the summons is not essential to the validity of either the summons or the service of the same upon him (*Bank v. Harding,* 65 Kan. 655, 70 Pac. 655), and the insertion of his name in the summons, where the name of the defendants in error are entirely omitted, is sufficient to cure such defects. (*Glick v. Lowe,* 63 Kan. 160, 65 Pac. 231). The sole question, therefore, to be determined upon this proposition is whether the naming of the defendants in error by the firm name, without giving their individual names can be cured by amendment.

As the summons issued at the commencement of an action, this question has been answered in the affirmative by the highest courts in some states having Code provisions similar to those existing in this state. Section 4343, Wilson's Rev. & Ann. St. 1903, provides:

"The court, may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correct a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this Code the court may permit the same to be made conformable thereto by amendment."

The Supreme Court of North Dakota, considering this identical section of their statutes, in *Gans v. Beasley et al.,* 4 N. D. 140, 59 N. W. 714, held that a summons issued at the commencement of an action, in which the defendants were designated only by their firm name, was not void, and held that such irregularity was

remediable by amendment. The court in that case reached its conclusion after an exhaustive discussion of the question and a full citation of authorities. Mr. Justice Wallin, who delivered the opinion of the court, after quoting the section of the statute of that state which is identical with section 4343, Wilson's Rev. & Ann. St. 1903, *supra,* says:

"Under the sections of the statutes above set out, and others of kindred import, all of which are either literal or substantial copies from the Codes of the older states, the irregularity was in our view one to be corrected, in furtherance of justice, by an amendment of the summons which would more fully describe the persons sued. An attempt was made to describe the defendants in the original summons, but such description was imperfect, inasmuch as it gave only their firm name, and did not give the full Christian and surnames of the individual members of the firm, as good practice requires."

After calling attention to the fact that the same provision of the Code existed in the Code of Civil Procedure of the state of New York, he quotes the following from Wait's Practice (volume 1, p. 491):

"From the instances given it will be seen that nearly every possible defect in the form of a summons has been made the subject of amendment, and that the only limit to the power to amend is that discretionary power vested in the court for the protection of the rights of the adverse party."

*The Kimball & Austin Mfg. Co. v. Vroman,* 35 Mich. 310, 24 Am. Rep. 558, is an action in which Vroman sought to recover on a cause of action arising out of a breach of warranty of a steam engine. He brought his action against William A. Tomlinson as president of the manufacturing company, which was in accordance with the provisions of the statute of Michigan, authorizing suit against joint-stock associations for manufacturing purposes to be brought against the president of the association, or some trustee, as nominal defendant. The manufacturing company, however, was not a joint-stock association for manufacturing purposes, but was a corporation. Upon this fact being brought to the attention of plaintiff, and upon his application, the court permit-

ted him to amend his pleadings by striking out the name of the president. The Supreme Court of Michigan held that this action of the trial court was not error, and in discussing the provisions of the statute of that state allowing amendments, which in language is very similar to the statute now under consideration, that court said:

"The statute was not intended to allow changes in the parties actually supposed and intended to be brought before the court. It is only in case of an undersigned misnomer, and where the interests of substantial justice will allow it, without a real change in the identity of the opposing litigants, that such amendments should be permitted. Where, however, no substantial rights are affected, and it is clear what persons were meant to be reached, the law permits the record to be rectified by affixing the true name to the misnamed party."

The summons in the case at bar was served upon the right party, but under the wrong name. This defect was held, in *Parks v. Barkham,* 1 Mich. 95, to be amendable.

*The Anglo-American Pack. & Prov. Co. v. Turner,* 34 Kan. 340, 8 Pac. 403, is a case not directly in point, but the reasoning therein strongly supports the conclusion we here reach.

*Morgridge et al. v. Stoeffer,* 14 N. D. 430, 104 N. W. 1112, is a case in point. The plaintiffs in that case constituted a partnership, but the summons issued failed to disclose the names of the individual partners. The courts held that a motion to dismiss for such reason was properly overruled, and that such defect in the summons was amendable, and in so holding, used the following language:

"Defendant's contention is that the use of the partnership's name to designate the plaintiffs in the summons was a fatal irregularity equivalent to an entire omission of the name of any plaintiff, and hence the summons was a nullity. It is true that the use of the partnership name as the only designation of plaintiffs was irregular. The summons was not, however, a nullity for that reason. The partnership name furnished the means of identifying the plaintiffs, and it cannot therefore be said that the firm name was the same as no name. It was merely an irregularity

which could be waived by the defendant, if he failed to object, and could be cured by amendment."

The reasoning and rule of these cases as to summons at the commencement of an action are equally applicable to a summons issued at the commencement of a proceeding in error.

We should overrule the motion to dismiss and grant plaintiff in error leave to amend the summons in error by inserting therein the names of the individuals composing the partnership if we were not compelled to sustain the motion upon other grounds.

The judgment of this case was rendered on the 22d day of January, 1908. A motion for a new trial was filed and overruled on that date, but the judgment was not entered until February 14, 1908. On the 22d day of January, the day on which the judgment was rendered and the motion for a new trial overruled, the court made an order allowing the defendant 90 days in which to make and serve a case-made, and 10 days thereafter to the plaintiff for the suggestion of amendments, and required 5 days and written notice for the case to be settled and signed. No order was made by the court within 3 days after the 14th day of February, the day on which the judgment was entered, by which the time for making and serving a case-made was extended; nor was a case-made served within that time. The case-made contains a purported second order extending the time in which to make and serve a case, which purports to have been made by the trial judge on the 21st day of April, 1908, and by which the time in which to make and serve a case-made was extended 25 days from April 22, 1908. The case-made was served on May 9, 1908. Both of the orders extending the time in which to make and serve a case are attacked by the motion to dismiss. The first is attacked upon the ground that it was made prior to the date on which the judgment was entered, and was, for that reason, prematurely made, and is void. The second is attacked upon the ground that the case-made fails to recite that such order was made in the case, and fails in any manner to identify it as an order in the case, and shows that it has not been filed in the case in the trial court, or entered of record

in that court. Section 543 of our Code (Wilson's Rev. & Ann. St. 1903, §4741), provides that the case-made, or a copy thereof, shall, within 3 days after the judgment or order is entered, be served upon the opposite party or his attorney. Section 554 (section 4752) provides that the court may, upon good cause shown, extend the time for making a case and the time in which the same may be served.

The Supreme Court of Kansas, in construing these sections of the statutes of that state, has held that, where a motion for a new trial is necessary to present to this court the questions of which plaintiff in error complains in his petition, the time within which to make and serve the case-made begins to run from the overruling of the motion for a new trial, and that, where the motion for a new trial is unnecessary to present to this court for review the matters complained of in the petition in error, such time begins to run from the entry of the judgment. *Mound City Mut. Life Ins. Co. v. Twining et al.,* 19 Kan. 349; *Union Park Land Co. v. Muret,* 57 Kan. 192, 45 Pac. 589. The questions presented for review in the case at bar by the petition of plaintiff in error are such matters as this court is authorized to review only after the same has been assigned as grounds for a new trial in the lower court by a motion for a new trial. The time within which to make and serve a case-made by plaintiff in error, therefore, began to run on the date of the overruling of the motion for a new trial and the order of the court within 3 days thereafter, extending the time in which to make and serve the case, was not prematurely made.

The case-made, however, was not served within the 90 days' extension granted by the first order. As stated above, the case-made contains a second purported order made by the trial court on April 21, 1908, extending the time for a period of 25 days from the 22d day of April, 1908. This purported order is inserted in the case-made, but the case-made contains no recital that such order was made in the case; nor is it in any manner identified as an order made in the cause, and it appears from the case-made that the same was never filed in the trial court or entered of

record therein, as is required by the statute. Section 533 (section 4731), of the Code requires that all orders made out of court shall forthwith be entered by the clerk in the journal of the court in the same manner as orders made in term. A purported order, extending the time in which to make and serve a case-made which has never been filed in the trial court as a part of the record therein, is not entitled to be made a part of the case-made, and is of no effect in this court. Since it fails affirmatively to show in the case-made that the purported order of April 21, 1908, was ever made by the court or judge, or that the same was never filed in the court below or entered of record as required by said section of the statute, it is without force. The service of the case on May 9, 1908, was subsequent to the expiration of the extension of time made by order of the court at the time the order overruling the motion for a new trial was made, and is therefore a nullity. A case-made must be served within 3 days after the judgment or order is entered, or within an extension of time granted by the court or judge within that time, or granted by the court or judge before the expiration of a valid extension of such time. *Devault et al. v. Merchants' Exch. Co.*, 22 Okla. 624, 98 Pac. 342; *Sigman v. Poole*, 5 Okla. 677, 49 Pac. 944; *Board of Commissioners v. Hubble*, 8 Okla. 209, 57 Pac. 163.

The motion to dismiss is sustained.

All the Justices concur.