WILLIE BRADFORD v. STATE.

No. A-7.   Opinion Filed January 13, 1910.

(106 Pac. 535.)

1.   APPEAL AND ERROR — Defective Record — Dismissal.  (a) Section 6951, Snyder's Comp. Laws Okla. 1909, requiring the case-made or transcript of the record to contain a copy of the judgment from which the appeal is prosecuted, is mandatory; and, when such judgment is not contained in the case-made or transcript of the record, the appeal will be dismissed.

2.   APPEAL AND ERROR — Service of Case-Made—Time.  (b) The case-made must be served before the statutory time for such service has expired or before the expiration of the time allowed by the court, if the statutory time has been extended by the court, and if this is not done any service of such case-made after the expiration of such time is void, and no court has power to settle and sign a case-made upon such service.

(Syllabus by the Court.)

*Appeal from Okmulgee County Court; J. L. Newhouse, Judge.*

Willie Bradford was convicted of a violation of the prohibition law, and appeals. Dismissed.

*Whitfield & Gamble* and *Brown & Stewart,* for appellant.
*Fred S. Caldwell,* for the State.

FURMAN, PRESIDING JUDGE. The state moves to dismiss this appeal upon two grounds, viz.: First, that the pretended case-made does not contain the judgment of the trial court, from which defendant prosecutes this appeal and which he seeks to have reversed. Second, that the petition in error alleges that judgment was rendered against defendant on the 25th day of May, 1908, and that the alleged case-made was not served within the time prescribed by law for such service, and that the county

judge had not granted an order extending the time within which the case must be served.

First. Section 6951, Snyder's Comp. Laws Okla. 1909, among other things, provides:

"The plaintiff in error shall file with his petition in error a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated or modified, or the original case-made, as hereinafter provided, or a copy thereof. The plaintiff in error shall attach to and file with the petition in error the original case-made filed in the court below, or a certified transcript of the record of said court."

It is seen from this that the statute in plain and mandatory language requires that the judgment from which the appeal is prosecuted shall be presented to us by the transcript of the proceedings or embodied in the case-made. In either event the record so presented must be certified to as the law directs; if not so certified to, this court would have no means of judging of its authenticity.

In *McLellan v. State,* 2 Okla. Cr. 633, 103 Pac. 877, this court said:

"This question was passed upon by the Supreme Court of Oklahoma Territory in *Sproat v. Durland,* 7 Okla. 230, 54 Pac. 458. In that case the record contains the following: 'Otto C. Durland v. Samuel Sproat. No. 1,551. Come now the plaintiff and defendant, by their counsel and waive a jury and consent to a trial by court; and J. M. Owens is sworn and testified on behalf of plaintiff, and plaintiff and defendant rest; and judgment is rendered herein for plaintiff and against the defendant, per journal entry; and defendant excepts to said judgment, and is given 30 days to make and serve a case-made for the Supreme Court, and 10 days given to suggest amendments, and to be closed on five days' notice.' There is no certificate of the clerk that this is a copy of the judgment rendered in said cause, and it is not, and it does not purport to be, a judgment. It is simply a recital of the fact that a judgment was rendered, and shows on its face that a journal entry was to be filed, showing what the judgment of the court was. It has frequently been held by appellate courts that the form of a judgment is not to be treated as fatal, if it appears that it was intended to be a judgment, and it can be determined whom the judgment was in favor of, and

whom against, and what the court ordered or decreed should be done, together with the amount of recovery, if there was a money judgment. But what is not intended for a judgment of the court cannot be treated as a judgment, and it is clear from what we have before us that the entry set out was not intended for the judgment of the court. This court will not review the proceedings of the trial court in any case, unless the record contains a copy of the final judgment or final order of the court from which the appeal is taken. *Gardenhire v. Burdick,* 7 Okla. 212, 54 Pac. 483. In *Brown v. Territory,* 15 Okla. 362, 82 Pac. 647, the court said: 'The case-made .contains no copy of the judgment of the district court; nor does it contain any statement that a judgment of conviction was rendered against the defendant, the plaintiff in error; neither does the record contain any motion for new trial. There is a recital that a motion for new trial was filed, presented, and overruled; but we have no means of knowing what it contains, or upon what the plaintiff in error relied as ground for new trial in the court below. We cannot consider the alleged errors embraced in the petition in error upon so defective a record. It is the judgment of trial court that the plaintiff in error is entitled to appeal from. There. is nothing to inform this court that any judgment has ever been rendered.' An appeal does not lie to this court from any ruling or order made by the trial court before final judgment is rendered and sentence has been pronounced. When a final judgment is rendered, and an appeal is taken therefrom, then any and all rulings or orders made during the trial are subject to review by this court, if properly saved by exceptions and contained in the cases-made or transcripts of record."

There is no transcript of the record in this case certified to by the clerk of the court. What purports to be the case-made does not contain the judgment. Under our statutes and the former adjudications of the Supreme Court of Oklahoma and of this court, we are without jurisdiction to consider this appeal because the judgment of conviction is not in what purports to be the record before us.

Second. Section 6951, Snyder's Comp. Laws Okla., among other things, provides:

"The case so made, or a copy thereof, shall within thirty days after the judgment or order is entered be. served upon the· opposite party, or his attorney, who may, within three days thereafter,

3 Cr.—24.

suggest amendments thereto in writing, and present the same to the party making the case, or his attorney."

It is alleged in the petition in error filed in this case that the judgment was rendered against the defendant on the 25th day of May, 1908. In what purports to be the case-made, we find the following:

"I, the undersigned attorney for the state in the foregoing suit, certify that the foregoing case was duly served on me this 25th day of June, 1908. Joe S. Eaton, Prosecuting Attorney, by Geo. C. Beidleman, Asst. County Atty."

The month of May has 31 days. So, excluding the day on which the judgment was rendered and the day on which service of what is claimed to be the case-made was had, the 30 days prescribed by the statute within which the case-made must be served had expired. It is true that the trial court had the power to extend the time within which a case-made might be served. But no such extension is shown in this record. Therefore when the time prescribed by statute had expired, no court or judge had the power to extend the time for so doing. This has been repeatedly passed upon by the Supreme Court of Oklahoma. In *Abel v. Blair,* 3 Okla. 401, 41 Pac. 342, the Supreme Court said:

"This grant of additional time, made on July 3, 1894, for 60 days, expired on the 1st day of September 1894, and the judge of the district court had no power, on September 5, 1894, to grant any additional time, and the service of the case-made, and the settlement of the case-made served after the time for making and serving the same had elapsed, were void. *Aetna Life Insurance Co. v. Koons,* 26 Kan. 215; *Ingersoll v. Yates,* 21 Kan. 90. To this case-made, which we have held void, is attached the pleadings, the special findings of fact and conclusions of law, and exceptions thereto, in the court below, and plaintiff in error asks that the errors assigned be considered upon this record by treating it as a transcript, instead of a case-made. This might be done if the copies, or purported copies, of these pleadings, findings, and conclusions were certified by the clerk of the district court as being true and correct copies of the originals. *Lauer v. Livings,* 24 Kan. 273. But there is nowhere in the record any certificate of the clerk of the district court that they are true and correct copies. There is attached to this record the certificate of the judge of the

district court, who settled the case-made, 'that the same, as above set forth, and as corrected by me, is true and correct, and contains a true and correct statement of all the pleadings, motions, orders, evidence, findings, proceedings, and judgment had in said cause,' and this is attested by the clerk. This attestation of the clerk, however, does not make these copies a transcript. The clerk has not certified that these are true and correct copies of the original pleadings, findings, and conclusions as shown by the record in the court below. All that the clerk has done in this case, and all that he is required to do under the law, is to attest the case-made. This attestation is not a certificate that the things therein contained are true and correct, or that anything that may be contained in the case-made is true and correct. All that the clerk does is to attest the signature of the judge. It is not the business of the clerk to examine the case-made to see whether it is correct or not, and even should he do so, and find that it was incorrect, what power would he have to so certify? The law gives him none. He would have no right to certify that the facts, which the judge had stated were true, were not correct as shown by the record. His only duty is to attest—that is, to witness—the signature of the judge who settled and signed the case. When this is done, it authenticates the signature of the judge to the certificate to the case-made, but that does not make the judge's certificate sufficient to treat the record, if void as a case-made, as a transcript of the record in the court below. In the case of *Whitney v. Harris*, 21 Kan. 96, the case was taken to the Supreme Court on a bill of exceptions. This bill of exceptions was held to be insufficient as such because it did not contain all of the record and proceedings of the court below, and plaintiff in error then asked that the record be considered as a transcript, but the Supreme Court denied this request upon the ground that the certificate of the clerk to the bill of exceptions did not state that the copies contained in the record were true and correct copies of the original pleadings and proceedings of the court, and that the certificate of the judge to the bill of exceptions was not sufficient to entitle the record to be used as a transcript. The court in this case said: 'Besides, the judge does not have authority to certify to the correctness of copies of the record, or copies of any other proceedings which are already of record. It is the duty of the judge only to see that the original record is made up properly, and that it speaks the truth; and the clerk then certifies to the correctness of copies thereof, or to copies of portions thereof. But the clerk does not, and has not in this

case, certified to the correctness of the copies of the pleadings copied into the bill of exceptions. That is, while the clerk certifies that the copy of the bill of exceptions brought to this court is a correct copy of the original bill of exceptions, yet he does not certify that the original pleadings or proceedings, or any of them, were correctly copied into the original bill of exceptions, and he does not certify that the copies of pleadings and proceedings found in the copy of the bill of exceptions brought to this court are true copies of the original pleadings and proceedings.' "

In *Pólson v. Purcell,* 4 Okla. 93, 46 Pac. 578, the Supreme Court of Oklahoma Territory said:

"The record shows that the judgment of the district court was rendered on the 24th day of November, 1893, and the plaintiff in error given 60 days to make and serve case-made. It further shows that on February 1, 1894, the plaintiff in error, by his attorney, made a motion to be granted a further extension of time of 30 days to make and serve his case-made, and to this motion is attached the affidavit of his attorney that he had been unable to prepare and appeal and serve case-made in the cause. The record shows an acceptance of service of case-made by the attorneys for the defendants in error, but does not show when it was served. The record should aways affirmatively show that the case-made was served in time. This record not only does not do this, but it does show, by the affidavit of appellant's own attorney, that it was not served in time, and that was his reason for getting a further extension of time. The extension of time was granted by the trial judge as asked for, but he had no power to then extend the time to make a case-made, and the extension was absolutely void."

In *Sigman v. Pool,* 5 Okla. 682, 49 Pac. 945, the Supreme Court said:

"The case not having been served and settlement made within the time originally granted by the court for that purpose, we cannot review it. It is recommended that the petition in error be dismissed. For the reasons stated, the motion to dismiss the petition in error is sustained, and the cause dismissed at the cost of plaintiff in error."

In *Board of Commissioners of Day County v. Hubble,* 8 Okla. 210, 211, 57 Pac. 163, the Supreme Court said:

"An order extending the time to serve a case-made must be made before the expiration of the statutory time for service in the first instance, or before the extension of time allowed by the

court or judge has elapsed. The district court or judge has no power or authority to make an order extending the time for settling and serving a case-made after the extension of time originally allowed has elapsed, and any order of extension after the expiration of such original order is absolutely void."

In the case of *Chandler v. State, ante,* p. 254, 105 Pac. 376, Judge Owen, speaking for this court, said:

"It is true that in this case the attorneys, as is usual in such matters, stipulated and agreed that the case-made contained a true, full, and correct copy of all the proceedings in the cause. The statute requires the case-made to be authenticated by the court. The case of *Hodgen v. Commissioners,* 10 Kan. 637, seems to be directly in point. In that case the case-made was never signed or settled by the judge; but in lieu thereof this stipulation appears at the close: 'This case and exceptions is agreed to be correct. S. Atwood, Attorney for Plaintiffs.' The court, in passing on the question, said: 'This paper is not authenticated as required by the statute to constitute it a case-made. The signature of the judge is as essential to a case as to a bill of exceptions. Without such statutory authentication we cannot examine into it. The agreements of counsel cannot make a case, or a bill of exceptions. That can be done only in the manner provided by the Code. As was said by the court in *Leonard v. Warriner,* 20 Wis. 42: "We cannot permit the stipulation of the attorneys to take the place of or do away with the necessity of such signing by the judge. If this practice were allowed, attorneys might send up to this court for decision questions never raised in the court below, and even cases to which the attention of the circuit court was never called." See, also, *People v. Ferguson,* 34 Cal. 310; *Cohen v. Trowbridge,* 6 Kan. 388.' The motion to dismiss must be sustained so far as it relates to the case-made. We find that the transcript is properly before the court, and the record proper, under the transcript, will be considered. The record proper, under our statutes, includes the information, the plea of the defendant, the verdict of the jury, the sentence of the court, the instructions given by the court, and those requested by the defendant. together with all indorsements made thereon. *Reed v. United States,* 2 Okla. Cr. 652, 103 Pac. 371."

We have quoted thus fully from the authorities for the purpose of showing that the statute must be strictly complied with in perfecting an appeal. These provisions of the statute are not

technicalities which may be dispensed with, but they are jurisdictional. Whatever goes to the foundation of a case and affects the jurisdiction of the court must be complied with.

Under the statute and the authorities above presented, this court is without authority to entertain this appeal.

The appeal is dismissed.

DOYLE, and OWEN, JUDGES, concur.