## PERRY *et al.* v. HOBLIT.

No. 4509. Opinion Filed December 3, 1912.

Rehearing Denied January 28, 1913.

(129 Pac. 693.)

1. **APPEAL AND ERROR—Case-Made—Extension of Time.** Neither the court nor the judge thereof in vacation, after the time prescribed by the statute or granted by the court within which to prepare and serve a case-made has expired, has power to extend the time fixed by statute or previously granted by the court in which to make and serve a case-made.

2. **SAME.** A judge of the district court has no power to extend the time to make a case-made when he is out of the state, and an order so made is absolutely void.

(Syllabus by the Court.)

*Error from District Court, Grady County;*
*Frank M. Bailey, Judge.*

Action by Oscar Perry and others against D. L. Hoblit. From the judgment, Perry and others bring error. Dismissed.

*Bond & Melton* and *F. E. Riddle,* for plaintiffs in error.

*R. E. Davenport, Simpson & Holding,* and *J. W. Bartholomew,* for defendant in error.

HAYES, J. This proceeding in error is prosecuted upon petition in error and case-made. A motion to dismiss same has been filed by defendant in error, urging a dismissal thereof upon the ground that the case-made is void for two reasons. On the 12th day of June, A. D. 1912, the trial court made an order extending the time within which plaintiffs in error could serve their case-made for a period of 60 days from that date. This period of time expired on the 11th day of August. The case-made was not served during said period of time, and no further extension of time was made within that period. On the 12th day of August a second order of extension was made, and subsequently the case-made was served within the time attempted by this second order

to be granted; but the second order of extension was void, for the reason that it was not made within the statutory three days' time for serving the case-made, nor within any time extended during such period. *Soliss v. Davis,* 28 Okla. 496, 114 Pac. 609.

A further reason why the second order made on August 12th is void is that at the time of making same the trial judge was without the state, being at that time in the state of Arkansas. *Blanchard v. U. S.,* 6 Okla. 587, 52 Pac. 736.

The motion to dismiss should be, and is, sustained.

TURNER, C. J., and WILLIAMS and DUNN, JJ., concur; KANE, J., not participating.