DUNLAP *et al.* v. RUMPH *et al.*

No. 4297. Opinion Filed September 29, 1914.

(143 Pac. 329.)

1. JUDGES—Performance of Judicial Acts—Approval of Case-Made. The attorneys for the respective parties stipulated that the trial judge might approve and sign case-made in Chicago, and agreed that said case-made is true and correct. Held, that the parties cannot by agreement dispense with the approval and signing of case-made by the judge, nor can they by stipulation confer any authority or power upon the judge to perform any judicial act while beyond the limits of the state. Held, further, that a judicial officer has no authority or power to perform any judicial act while beyond the limits of the state.

2. APPEAL AND ERROR—Case-Made—Dismissal. The certificate of the trial judge shows that the case-made was approved and signed in Chicago. One of the attorneys for defendant in error moves to dismiss the petition in error on the ground that same

Dunlap et al. v. Rumph et al.

is without any validity as a case-made. **Held,** that said certificate is a nullity, and the case-made has no force as such, and confers no jurisdiction upon this court. **Held,** further, that the motion to dismiss must be sustained.

(Syllabus by the Court.)

*Error from District Court, Carter County;.*
*Stillwell H. Russell, Judge.*

Action between Errett Dunlap and others and D. M. Rumph and others. From the judgment, the parties first mentioned bring error. Dismissed.

*S. T. Bledsoe,* for plaintiffs in error.

*Thos. Norman, R. A. Hefner,* and *Jas. H. Mathis,* for defendants in error.

RIDDLE, J. Defendants in error present their motion to dismiss this proceeding upon the ground that the certificate of the trial judge, allowing, settling, and approving the case-made, was made in the city of Chicago, state of Illinois. The certificate shows upon its face that the case-made was settled and approved by the Honorable S. H. Russell, the trial judge, in the city of Chicago. This motion is resisted upon the ground that by stipulation the parties agreed that the case-made was true and correct, and that the same might be approved, settled, and allowed by the trial judge while he was in the city of Chicago. Under the general rule and undisputed authority, the duty of this court here is plain. The act of the trial judge while out of the state could have no judicial force and effect. While the Legislature, no doubt, could confer such authority upon a judicial officer to perform similar acts while beyond the limits of the state, which acts are intended to operate and have force only within the state, yet, in the absence of such statute, a judicial officer has no more authority to perform any judicial act while out of the state than he would have to perform such act after the expiration of his term of office. It is true, in this state, by virtue of a statute, a trial judge may approve and settle a case-made after his term of office expires; but, without such a statute, his act would have

no more force than that of an individual who had never pretended to hold any official position. In 23 Cyc. 564, it is said:

"A judge cannot perform any judicial act when he is beyond the limits of the state; but he may perform mere clerical duties, although he may be superseded within his district, during his absence therefrom, by a substitute judge."

See, also, 23 Am. & Eng. Ency. of Law, 365; *Phillips v. Thralls,* 26 Kan. 780.

The general rule is that powers of public officers, judicial or ministerial, are circumscribed by certain territorial limits, and their action outside of those limits has no force. This rule has been applied to judicial officers in extending the time to prepare and serve case-made. *Blanchard v. U. S.,* 6 Okla. 587, 52 Pac. 736; *Grayson v. Perryman,* 25 Okla. 339, 106 Pac. 954; *Perry v. Hoblit,* 35 Okla. 362, 129 Pac. 693.

Although counsel signed the stipulation agreeing that the trial judge might settle and sign the case-made in Chicago, he has filed a motion to dismiss this proceeding upon the ground of lack of authority in the judge to perform the duty which it was agreed he might do, and we are not at liberty to disregard the law and adhere to an unsound principle, in order to prevent one of the counsel in a case from taking advantage of the situation. Authority or jurisdiction cannot be conferred over the subject-matter by agreement of the parties. If this record is such that plaintiffs in error can bring themselves within the equity rule, having relied upon the conduct of counsel for defendants in error, and by reason thereof having been prevented from having their cause heard upon the merits in this court, they might be able to secure relief against the enforcment of the judgment by invoking the equitable powers of the court. We do not say this is a proper case to warrant a court of equity in granting relief, but simply say that, if the parties may be able to bring themselves within the equity rule, a court of equity would be authorized to grant the relief warranted. 23 Cyc. 986, and cases cited.

From the foregoing conclusion, this cause must be dismissed. It is so ordered.

All the Justices concur.