## WALKER v. BOARD OF COM'RS OF GRANT COUNTY.

No. 3911. Opinion Filed December 1, 1914.

(144 Pac. 793.)

**APPEAL AND ERROR—Record—Dismissal.** Where the only questions presented by a record are to be determined from the pleadings and journal entry of judgment, and where the purported pleadings and journal entry contained in such record bear no copy of filing marks or other evidence that the originals were ever filed in the trial court, such records present nothing to this court for decision and the appeal will be dismissed.

(Syllabus by Harrison, C.)

*Error from District Court, Grant County;*

*Wm. M. Bowles, Judge.*

Action by the Board of County Commissioners of Grant County against George D. Walker. Judgment for plaintiff, and defendant brings error. Dismissed.

*F. G. Walling* and *J. B. Drennan,* for plaintiff in error.

*Emery H. Breeden,* for defendant in error.

Opinion by HARRISON, C. This was an action by Grant county, through its board of county commissioners and county attorney, to recover certain fees it was alleged had been paid without authority of law to George D. Walker, as sheriff. Defendant answered, denying the allegation in plaintiff's petition, and alleging that the fees in question were proper charges against the county and were lawfully paid, and further alleging that all the items and sums referred to in plaintiff's petition had been included in the sheriff's regular quarterly reports and accounts; that such quarterly reports had been duly filed with, and audited by, the county clerk and duly approved and allowed by the board of county commissioners in regular session; and that, no appeal having been taken from the order of the board, the county was estopped from maintaining this action. The cause was tried by the court upon an agreed statement of facts, and upon the pleadings and agreed statement of facts the court gave judgment against defendant, George D. Walker, and his bondsmen for the sum of $536.22 and costs. From this judgment the defendant, George D. Walker, appeals upon the following specifications of error, to wit: First, said court erred in overruling the demurrer to the petition; second, said court erred in sustaining the demurrer of the plaintiff to the answer of defendant; third, said court erred in rendering judgment in said action against said defendant and in favor of said plaintiff.

No briefs were filed in this case, but by order of the court the parties were permitted to substitute the briefs in cause No. 3895, *E. P. Privett et al. v. Board of County Commissioners, post,* and the briefs in No. 3909, *J. D. Orendorff et al. v. Board of County Commissioners, ante,* 144 Pac. 383, as the briefs in this

cause. While it is alleged in the petition in error that the court erred in overruling defendant's demurrer to the petition, and erred in sustaining plaintiff's demurrer to a portion of defend- ant's answer, and while similar questions were presented and argued in the briefs in No. 3895 and No. 3909, because of sim- ilar actions of the court in those cases, yet the arguments made and authorities cited in such briefs are not applicable to the questions presented here, for the reason that those suits were against different county officers, No. 3895 being against the reg- ister of deeds of Grant county, and No. 3909 being against one of the members of the board of county commissioners for the recovery of fees the payment of which is governed by different statutes in each case, and in both cases different to the statutes governing the fees to be paid to a sheriff. That is, cause No. 3895 is governed by the statutes which prescribe what fees and the amount of fees which may be paid to the register of deeds, and No. 3909 is governed by the statutes which prescribe the fees which may be paid to members of the board of county com- missioners, while the case at bar is governed by the statutes which prescribe the fees, etc., which may be paid to a sheriff. Hence, in the absence of some general statute, and none is cited authorizing the payment of the class of fees for recovery of which this suit is brought, the briefs in No. 3895 and No. 3909 are not applicable to the question of fees in the case at bar, and therefore throw no light on the question as to whether the court erred in overruling defendant's demurrer to plaintiff's petition, or erred in sustaining plaintiff's demurrer to defendant's answer. But, aside from this, neither defendant's demurrer to plaintiff's petition nor plaintiff's demurrer to defendant's answer is contained in the record. Hence nothing is presented to this court for de- cision.

The only questions presented and argued in the substituted briefs which could by any means be made to apply to any of the questions involved in the case at bar are the questions: First, whether an action will lie for the recovery of fees paid to a coun- ty officer after claims for same have been audited and allowed

by the board of county commissioners and no appeal taken from such order; and, second, the question whether it is lawful for the county commissioners to pay county officers for services outside of the regular and ordinary duties of their office without some express constitutional or statutory authority. These questions, however, are not properly presented here, for the reason that it appears from the case-made that neither the original petition, answer, agreed statement of facts, nor journal entry of judgment was ever filed with the clerk of the district court. That is, the purported petition, answer, agreed statement of facts, and journal entry presented here bear no copy of filing marks nor other evidence that their originals were ever filed with the district clerk. It is true that the case-made and stipulation by the attorneys recite that it is a full, true, correct, and complete copy of the transcript of all the proceedings in said cause, including all the pleadings filed and proceedings had, together with all the evidence offered and introduced, all the orders and rulings made and exceptions allowed upon which the judgment and journal entry were made, and that the same is a full, true, complete, and correct case-made. The judge of the trial court also certifies to the same effect, which certificate is attested by the clerk of the district court. If this be true literally, then the originals of the purported petition, answer, stipulation of facts, and journal entry of judgment presented here were never filed in the district clerk's office, and therefore, under *Mobley v. C., R. I. & P. Ry. Co., post,* present nothing to this court for decision. However, it might not be amiss to say that in the cases of *Zeigler v. Board of County Commissioners, ante,* 144 Pac. 381, and *Russell v. Board of County Commissioners, ante,* 144 Pac. 580, recently decided by the court, this court held that an action may be maintained for the recovery of claims paid without authority of law, although no appeal has been taken from the board of county commissioners allowing same, and also held that, before a county officer can rightfully draw money from the county treasury, either for salary, fees, expenses, or extra compensation, he must be able to point to some constitutional or statutory

provision or some lawful contract, express or implied, that justifies his claim to such money.

The appeal is, therefore, dismissed.

By the Court: It is so ordered.