TOWN OF OKEMAH v. ALLEN.

No. 4979. Opinion Filed July 13, 1915.

(150 Pac. 669.)

APPEAL AND ERROR—Case-Made—Time to Make and Serve—Extension—Order. A purported order of the trial judge, extending the time in which to make and serve a case-made, is without force, where the case-made fails to show affirmatively that such order was made and is entered of record.

(Syllabus by Watts, C.)

*Error from District Court, Okfuskee County;*
*John Caruthers, Judge.*

Action by Robert Allen against the Town of Okemah. Judgment for plaintiff, and defendant brings error. Dismissed.

*T. H. Wren,* for plaintiff in error.

*J. B. Patterson,* for defendant in error.

Opinion by WATTS, C. Robert Allen sued the town of Okemah, in the district court of Okfuskee county, to recover alleged damages caused by the construction of a certain water tower, which was situated in the public street adjacent to the property of the plaintiff. December 13, 1912, the issues of fact were submitted to a jury, which resulted favorably to the plaintiff, and defendant

appeals, alleging as error: (1) In admitting certain evidence of the plaintiff; (2) in giving certain instructions to the jury; (3) the verdict of the jury was excessive, and was unwarranted under competent and admissible testimony submitted by the plaintiff to sustain his cause of action; (4) in overruling the defendant's motion for a new trial.

We get from the record that the trial judge on December 13, 1912, signed a journal entry, awarding judgment to the plaintiff, and on January 8, 1913, signed a journal entry denying the motion for a new trial, and gave time to make and serve case-made, etc., and within the time, and on February 15, 1915, signed a journal entry, extending the time to make and serve the case, but none of these journal entries mentioned, especially the latter, appear to have been filed with the clerk of the court, or ever became a part of the record in this case. Therefore we are powerless to give the alleged errors further consideration.

In *Walker v. Board of County Commissioners of Grant County,* 44 Okla. 350, 144 Pac. 793, Harrison, C., said:

"These questions, however, are not properly presented here, for the reason that it appears from the case-made that neither the original petition, answer, agreed statement of facts, nor journal entry of judgment, were ever filed with the clerk of the district court. That is, the purported petition, answer, agreed statement of facts, and journal entry presented here bear no copy of filing marks, nor other evidence that their originals were ever filed with the district clerk, * * * and therefore, under *Mobley v. C., R. I. & P. Ry. Co.,* 44 Okla. 788, 145 Pac. 321, present nothing to this court for decision."

See, also, *Morris v. Caulk*, 44 Okla. 342, 144 Pac. 623.

The appeal is therefore dismissed.

By the Court: It is so ordered.