## *In re* GARLAND.

No. 5203.    Opinion Filed November 23, 1915.

(153 Pac. 153.)

1. **APPEAL AND ERROR** — Presentation for Review — Record — **Journal Entry.** Where there appears in the case-made a purported journal entry of judgment, which does not bear the filing mark of the clerk of the court or other indication that it ever became a record in the case, nothing is presented to this court for decision.

2. **APPEAL AND ERROR—Case-Made—Requisites.** A simple recital in the case-made cannot take the place of a court order. Not only the acts of granting judgment and ordering extension of time to make and serve a case-made are necessary, but they must be entered of record as required by the statute, and such entry of record must affirmatively appear.

3. **SAME—Authentication—Sufficiency.** Where a case-made is signed by the trial judge, but is not attested by the signature of the

clerk and seal of the court, it is not sufficiently authenticated, "as required by the statute,"to constitute a valid case-made, and the judgment of the trial court cannot be reviewed, and the appeal will be dismissed.

(Syllabus by Watts, C.)

*Error from District Court, Haskell County;*
*W. H. Brown, Judge.*

In the matter of the appeal of Mrs. R. D. Garland from a decision of the Board of County Commissioners of Haskell County. Judgment for defendant, and plaintiff brings error. Dismissed.

*A. L. Beckett* and *Guy A. Curry,* for plaintiff in error.

Opinion by WATTS, C. This case presents an appeal from the district court of Haskell county, where the plaintiff in error was plaintiff and defendant in error was defendant. The issues were submitted to the court without the intervention of a jury. After the introduction of the evidence the court rendered judgment for the defendant, from which the plaintiff appeals.

The purported journal entry of judgment is as follows:

"JOURNAL ENTRY.

"Now on this 16th day of December, 1912, the same being one of the days of the regular December, 1912, term of said court, the above-entitled cause coming regularly to be heard and tried, and the plaintiff being present in person and by her attorneys, and the defendants, G. O. McWhorter, chairman of the board of county commissioners, and W. J. Smith and O. A. Wilcox, and by the county attorney, and each announces ready for trial, the case is tried before the court. And the court, having heard all the evidence adduced on both behalf of the plaintiff and the defendant, and having heard the arguments of counsel, and being fully advised in the premises finds, judgment for

the defendant, board of county commissioners, to which ruling the plaintiff excepted."

The above purported journal entry does not appear to have reached the clerk of the trial court; at least there is no filing mark thereon or other indication that it ever became a part of the record in this case. Rev. Laws 1910 provide:

"Section 5143. All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in this action."

"Section 5316. Every direction of a court or judge made, or entered in writing, and not included in a judgment, is an order."

"Section 5317. Orders, made out of court, shall be forthwith entered by the clerk in the journal of the court, in the same manner as orders made in term."

In *Walker v. Board of County Commissioners of Grant County,* 44 Okla. 350, 144 Pac. 793, Harrison, C., said:

"These questions, however, are not properly presented here, for the reason that it appears from the case-made that neither the original petition, answer, agreed statement of facts, nor journal entry of judgment, was ever filed with the clerk of the district court. That is, the purported petition, answers, agreed statement of facts, and journal entry presented here bear no copy of filing marks nor other evidence that their originals were ever filed with the district clerk. * * * And therefore, under *Mobley v. C., R. I & P. Ry. Co.,* 44 Okla. 788, 145 Pac. 321, present nothing to this court for decision."

See, also, *Morris v. Caulk,* 44 Okla. 342, 144 Pac. 623; *Fife et al. v. Cornelius et al.,* 35 Okla. 402, 124 Pac. 957.

In *Springfield Fire & Marine Ins. Co. v. Gish, Brook & Co.,* 23 Okla. 824, 102 Pac. 708, Hayes, J., said:

"The case-made, however, was not served within 90 days' extension granted by the first order. As stated above, the case-made contains a second purported order made by the trial court on April 21, 1908, extending the time for a period of 25 days from the 22d day of April, 1908. This purported order is inserted in the case-made, but the case-made contains no recital that such order was made in the case; nor is it in any manner identified as an order made in the cause, and it appears from the case-made that the same was never filed in the trial court or entered of record therein, as is required by the statute. Section 533 (section 4731), of the Code requires that all orders made out of court shall forthwith be entered by the clerk in the journal of the court in the same manner as orders made in term. A purported order, extending the time in which to make and serve a case-made which has never been filed in the trial court as a part of the record therein, is not entitled to be made a part of the case-made, and is of no effect in this court. Since it fails affirmatively to show in the case-made that the purported order of April 21, 1908, was ever made by the court or judge, or that the same was ever filed in the court below or entered of record, as required by said section of the statute, it is without force."

There also appears, by way of recital, that the court on the 24th of March, 1913, extended the time to make and serve case-made for a period of 30 days; also on the 23d of April, 1913, a further extension until the 5th of June, 1913.

In *Morris v. Caulk,* 44 Okla. 342, 144 Pac. 623, Brewer, C., said:

"On the first point mentioned, while it is true that there is a recital in the case-made that the motion for a new trial was in fact overruled and excepted to, yet it appears therein merely as a recital, and there is no order of court exhibited to such effect. On the second point, there

is also a recital in the case-made that the court allowed plaintiff in error 90 days to make and serve the case-made, etc., but this is also nothing more than a mere statement, and does not show to be an order of court, or that same was ever entered in the journals, or the order therefor signed and filed with the clerk as required. The appeal should be dismissed."

In the instant case we cannot know as a judicial fact that the trial court ever entered a final judgment, or by order extended the time in which to make and serve a case. A simple recital cannot take the place of a court order. Not only the acts of granting judgment and ordering an extension of time to make and serve a case are necessary, but they must be entered of record as required by the statute, *supra,* and such entry of record must affirmatively appear. If this were not so, the uncertainty of records would be a source of constant annoyance to the courts and in many cases injustice to litigants.

The record also presents another defect. Rev. Laws 1910 provide:

"Section 5242. * * * The case and amendments shall, upon three days' notice, be submitted to the judge, who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached. It shall then be filed with the papers in the case. * * *"

The signature of the trial judge, settling the case-made, is not attested by the signature of the clerk of the court and the seal of the court. This is imperative and a failure to so attest leaves the attempted appeal without verity. It is true that the clerk has attached a certificate following the certificate of the trial judge, wherein he certifies "that the attached is a full, true and correct copy

of the case-made," etc.   However, this does not comply with the requirements of section 5242, *supra.*

In *Oklahoma City v. McKean,* 39 Okla. 300, 135 Pac. 19, this court has held:

"Where a case-made is signed by the trial judge, but is not attested by the clerk of the court, and the seal of the court is not attached thereto, it is not sufficiently authenticated, as required by the statute, to constitute a valid case-made, and the judgment of the trial court cannot be reviewed, and the appeal will be dismissed."

Therefore, for the reasons mentioned, this court has no jurisdiction of the attempted appeal, and we recommend that the attempted appeal be dismissed.

By the Court:   It is so ordered.