### BERRYHILL v. MILLER.

No. 6381—Opinion Filed Sept. 26, 1916.

(160 Pac. 67.)

**1. Appeal and Error—Record — Case-Made —Authentication.**

Where a case-made is signed by the trial judge, but is not attested by the signature of the clerk and the seal of the court, it is not sufficiently authenticated, as required by the statute, to constitute a valid case-made, and the judgment of the trial court cannot be reviewed.

**2. Same—Case-Made—Extension of Time.**

A purported order of the trial judge extending the time in which to make and serve a case-made is without force where the case-made fails to show affirmatively that such order was made and is entered of record in the trial court.

[Overruled by St. Louis & S. F. R. Co. v. Taliaferro, 58 Okla. 585, 160 Pac. 610.—Reporter.]

(Syllabus by Campbell, C.)

Error from County Court, Muskogee County; Thos. W. Leahy, Judge.

Action by A. J. Berryhill against Robert Miller. Judgment for defendant, and plaintiff brings error. Dismissed.

Thea E. Lipscomb and Sumner J. Lipscomb, for plaintiff in error.

Crump, Bailey & Crump, for defendant in error.

Opinion by CAMPBELL, C. This is an appeal from a judgment of the county court of Muskogee county in favor of the defendant, Robert Miller. The plaintiff, A. J. Berryhill, brings this proceeding to have the judgment reversed, and brings the record to this court by case-made.

The case-made, attached to the petition in error, is authenticated by the certificate of the trial judge, and is attested by the signature of the clerk. The seal of the court is not attached thereto. Section 5242, Revised Laws 1910, provides:

"The case and amendments shall, upon three days' notice, be submitted to the judge, who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached. It shall then be filed with the papers in the case."

In the case of Oklahoma City v. McKean, 39 Okla. 300, 135 Pac. 19, it was held:

"Where a case-made is signed by the trial judge, but is not attested by the clerk of the court, and the seal of the court is not attached thereto, it is not sufficiently authenticated, as required by the statute, to constitute a valid case-made, and the judgment of the trial court cannot be reviewed, and the appeal will be dismissed."

This same question was again considered by this court in the matter of the Appeal of Garland, 52 Okla. 585, 153 Pac. 153, and the above rule was followed, and in the opinion it was said:

"The signature of the trial judge, settling the case-made, is not, attested by the signature of the clerk of the court and the seal of the court. This is imperative, and a failure to so attest leaves the attempted appeal without verity."

The case-made in the instant case, not being authenticated as required by law, is a nullity, and the appeal is without verity, and should be dismissed.

It appears from the case-made that the motion for a new trial was considered and denied by the trial court on November 11, 1913, and on that date the trial court granted an extension of time in which to make and serve a case-made, and authorized the service of case-made within 60 days from that date, which time would have expired on January 10, 1914, which order of court was duly entered of record in the trial court, as affirmatively appears from the case-made. On December 18, 1913, the trial judge made an order which gave an additional extension of time for 30 days on the application of the plaintiff, but this order of extension does not affirmatively appear from the case-made to have been entered of record in the trial court as required by the statute. The case-made attached to petition in error was actually served on the defendant on February 9, 1914, as shown by the case-made itself. This service was not within the time originally granted by order of the court duly entered of record, but was within the time granted by the judge in the last purported order, which was never entered of record in the trial court. The question presented by the record before us is one of jurisdiction, and one which the parties cannot waive, and this court cannot overlook. If the last order of the trial judge is without force, the case-made was not served within time, and would be a nullity.

In the case of Mobley, Adm'x. v. Chicago, Rock Island & Pac. Ry. Co., 44 Okla. 788, 145 Pac. 321, this court held:

"A purported order of the trial judge extending the time in which to make and serve a case-made is without force, where the case-made fails to show affirmatively that such order was made and is entered of record."

This seems to have been the rule in this court for a considerable period of time, and it has been so often resented that attorneys who appeal cases to this court should familiarize themselves with it in order that appeals may not be dismissed. The rule was fully established by the decision of this court in the case of Springfield Fire & Marine Ins. Co. v. Gish, Brooks & Co., 23 Okla. 824, 102 Pac. 708, and has been followed since, and seems to be very generally recognized at this time by the profession.

For the reasons stated in this opinion, this court cannot consider the questions presented by the appeal, for to do so would be to indulge in an effective method of arbitration not fully contemplated by law, and this appeal is therefore dismissed.

By the Court: It is so ordered.