## NEGIN et al. v. PICHER LUMBER CO. et al.

No. 10553—Opinion Filed March 9, 1920.

(Syllabus by the Court.)

**Appeal and Error—Defective Record—Judgment—Dismissal.**

Where the record fails to contain a copy of the final order or judgment sought to be reviewed, and the same is not made to ap-

pear therein as of record in the trial court, such record presents no question to this court for determination, and no request by plaintiff in error for leave to amend the record to show that such judgment was rendered by the trial court and entered of record there, having been made, the appeal will be dismissed.

Error from District Court, Ottawa County; George C. Crump, Assigned Judge.

Action by the Picher Lumber Company, a corporation, against Charley Negin and Minta Negin and others consolidated with action by Tom L. Green against Charley Negin and Minta Negin and others. Judgment rendered for plaintiffs and cross-petitioners and against Charley Negin and Minta Negin, who bring error. Dismissed.

Nesbit & Nesbit, for plaintiffs in error.

Vern E. Thompson, for defendant in error Thomas Murphy.

Venable & Clark, for defendant in error Tom L. Green.

Mason & Jones, for defendant in error Walker-Hines Lumber Company.

Clyde Morsey, for defendant in error Picher Lumber Company.

Bennett & Marshall, for defendant in error First National Bank of Picher.

JOHNSON, J. The defendants in error Tom L. Green, Picher Lumber Company, and Thomas Murphy have filed separate motions to dismiss the appeal herein. The reasons assigned by these motions may be summed up as follows:

(1) The case-made was not served, settled, and signed according to law.

(2) The assignments of error being based on the evidence and the case-made failing to recite that it contains all the evidence introduced at the trial, the case should be dismissed.

(3) Defendant in error Tom L. Green objects to the jurisdiction of this court for the reason he is named as a cross-petitioner in the action filed by the Picher Lumber Company, when, in fact, he was never a party to said action, but was plaintiff in a certain action against the defendants, plaintiffs in error here, Charley Negin and Minta Negin and others; that in said action filed by him no judgment was ever rendered, as shown by this record, and no motion was ever filed or overruled.

(4) No final order or judgment is set out in the case-made or transcript.

To these several motions to dismiss the plaintiffs in error have not replied.

The objection to the case-made for the reason the same was not signed and settled according to law, and does not contain a recital that it contains all the evidence introduced, is not well taken, for the reason the record here is certified by the clerk of the trial court as a transcript of the record of the trial court, and the first assignment of error raises a question which can be determined on appeal from the record itself, and that is whether the court erred in refusing a jury trial after a written demand therefor, the action being one for the recovery of money.

The transcript or case-made does not show a copy of the final order or judgment rendered by the trial court. There does appear a finding dictated to the stenographer by the court, to be used as a guide in preparation of the journal entry, but this finding does not constitute a final judgment, does not appear to have been entered of record, and it shows that it did not finally dispose of the issues raised, for the court concluded his remarks with the following statement:

"Let the record show that the court finds that the indebtedness in favor of the First National Bank of Picher against Negin is the sum of $6,508.50, with interest from maturity, and the court will set tomorrow morning to hear argument on the priority of liens. * * *"

Nothing further is found in the record here indicating the final order on the priority of liens, the prorating of liens, or that final judgment was ever entered in the case.

"A record which fails to contain a copy of the final order or judgment sought to be reviewed, and in which it is not made to appear that the same is of record in the trial court, presents no question to this court for its determination, and the appeal will be dismissed." Meadows v. Johnson, 27 Okla. 543.

See, also, Courtney v. Moore, 51 Okla. 628, 151 Pac. 1178; Shuck v. Moore, 48 Okla. 533, 150 Pac. 461; In re Garland, 52 Okla. 585, 153 Pac. 153.

Plaintiffs in error have been served with notice of the motion pending, and there is no response on their behalf that the record is not in the condition stated by counsel for defendants in error in their motions, and from an examination of the record before us the objections seem to be well taken, and no final judgment appears to have been entered in the cause, and shown in the record,

and no request having been filed to amend the record to show such a judgment, the appeal should be dismissed. The motions to dismiss the appeal are, therefore, sustained.

It is so ordered.

OWEN, C. J., and RAINEY, PITCHFORD, HIGGINS, and BAILEY, JJ., concur; KANE, McNEILL, and HARRISON, JJ., not participating.