## ALEXANDER, Adm'r, v. PHELAN.

No. 12257—Opinion Filed Oct. 23, 1928.

Rehearing Denied Feb. 29, 1924.

### Appeal and Error — Dismissal — Record of Judgment.

Where a record fails to contain a copy of the final order or judgment sought to be reviewed, and in which it is not made to appear that the same is of record in the trial court, no question is presented to the Supreme Court for its determination, and the appeal will be dismissed.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Eror from County Court, Carter County; M. F. Winfrey, Judge.

Action by Roy Alexander, administrator of the estate of M. L. Alexander, deceased, against J. M. Phelan. From a judgment of the court overruling plaintiff's motion to dismiss and abate the cause, plaintiff appeals. Dismissed.

Moore & West, for plaintiff in error

Ledbetter & Ledbetter, for defendant in error.

Opinion by RUTH, C. This action was originally filed in a justice of the peace court of Carter county by M. L. Alexander, and appealed to the county court of said county, and while pending therein, plaintiff died.

From an order of the county court reviving the action, plaintiff attempts to appeal to this court. Defendant in error moves to dismiss the purported appeal and assigns the following reason, among others:

"That the purported judgment entered on the 20th day of January, 1921, does not show that the same was signed by the trial judge, nor is it shown that the judgment was filed and entered of record in the trial court."

An examination of the record fails to disclose the fact that the purported "journal entry" was ever signed by the judge of the trial court or entered of record in said court.

"A record which fails to contain a copy of the final order or judgment sought to be reviewed and in which it is not made to appear that the same is of record in the trial court, presents no question to the Supreme Court for its determination and the appeal will be dismissed." Mobley v. Chi-

cago, R. I. & P. Ry. Co., 44 Okla. 788, 145 Pac. 321; Negin v. Picher Lumber Co., 77 Okla. 285, 186 Pac. 205; In re Garland, 52 Okla. 585, 153 Pac. 153.

In the instant case we cannot know as a judicial fact that the trial court ever entered judgment, and for the reasons herein stated, this cause should be dismissed.

By the Court: It is so ordered.