### ILLINOIS BANKERS' LIFE ASS'N OF MONMOUTH, ILL., v. DAVANEY.

No. 14647—Opinion Filed March 25, 1924.

(Syllabus)

**1. Appeal and Error—Case-Made—Certificate of Judge—Conclusiveness.**

The certificate of the judge who settles and certifies the case-made shall be prima facie evidence of the facts therein recited, unless the case-made on its face shows affirmatively that such certificate is in some material respect incorrect or the said certificate be proved incorrect by affidavits or other competent evidence introduced in the appellate court. and cannot be impeached except in the manner authorized by statute.

**2. Same—Record of Judgment.**

That the case-made does not affirmatively show that the judgment appealed from had been entered in the journal of the court is not sufficient ground for dismissal of appeal, where, as in this case, the record contains a copy of the journal entry of the judgment agreed to by the attorneys of the parties and the case-made is duly certified by the judge who tried the case as true and correct.

**3. Life Insurance — Liability for Death from Influenza in Military Camp.**

Where the insured entered the service of the army of the United States and there is a provision in the policy exempting the insurer from liability under a clause providing, in effect, "that death while in the service of the army or navy of any government in time of war is not a risk covered" by the policy, and it appears from the record that the insured died in a military camp in the state of Indiana of influenza or "flu" and it is agreed by the parties to the action that influenza was then epidemic and prevalent in the United States and was common to both civil and military life, and where the evidence does not show that the insured died as the result of his military service nor that his military service contributed to his death, held, that the insurer was not exempt from liability.

Error from District Court, Woods County; Arthur G. Sutton, Judge.

Action by May O. Davaney against the Illinois Bankers' Life Association of Monmouth, Ill. Judgment for plaintiff, and defendant appeals. Affirmed.

Everest, Vaught & Brewer, for plaintiff in error.

L. T. Wilson and C. H. Mauntel, for defendant in error.

PER CURIAM. This is an action begun in the district court of Woods county by the defendant in error, as plaintiff, against the Illinois Bankers' Life Association, plaintiff in error, as defendant in the court below, for the recovery of $2,000 claimed to be due on a policy issued by the plaintiff in error on the life of Owen M. Davaney, in favor of the defendant in error. as beneficiary. The parties will be referred to as they appeared in the lower court.

The cause was tried to the court without the intervention of a jury, and resulted in a judgment for the amount of the policy in favor of the plaintiff.

Motion for a new trial was overruled, exceptions taken and allowed, and the cause comes regularly on appeal to this court.

Attorneys for plaintiff move to dismiss the appeal in this case for the reason and upon the grounds that the journal entry of judgment in this cause was never signed by the judge and does not show affirmatively that the judgment was ever filed in the district court or entered upon the journals of the court of Woods county.

The motion cannot be sustained. The record before us contains a recital of a judgment rendered by the trial court on the 12th

day of March, 1923, in favor of the plaintiff and against the defendant in the sum of $2,000, with interest thereon, and a journal entry of such judgment agreed to by the attorneys for the plaintiff and the attorneys for the defendant. The record further contains a stipulation and agreement by the attorneys for plaintiff and defendant to the effect that the case-made in the instant case contains all the orders and rulings made and exceptions allowed and all of the record upon which the judgment and journal entry in said cause were made and entered and that the plaintiff waives the right to suggest amendments to said case-made, and consents that the same may be settled immediately and without notice.

The record further shows that on the 31st day of March, 1923, the judge of the district court of Woods county, before whom this cause was tried, settled and signed the case-made as a just, true, correct, and complete case-made, and directed that it be attested and filed by the court clerk of Woods county, as provided by law, which was done. From such judgment defendant has appealed.

A motion to dismiss the appeal for the reasons and upon the grounds relied upon by the plaintiff, in the face of the record in the instant case, cannot be entertained.

It is true that orders made out of court shall be forthwith entered by the clerk in the journal of the court in the same manner as orders made in term (section 860, Compiled Statutes 1921), and that on the journal shall be entered the proceedings of the court of each day and all orders of the judge in vacation or at chambers and also all judgments entered on confession or default (section 867, Compiled Statutes 1921), but the question here is whether the statutes require the fact of their having been recorded to affirmatively appear in the case-made.

Article 25, c. 3, Compiled Statutes 1921, contains complete provisions prescribing the requirements and regulating the procedure for bringing a case to this court by petition in error with case-made attached.

In the case of St. L. & S. F. R. Co. v. Taliaferro, 58 Okla. 585, 160 Pac. 610, it is said in the opinion:

"These statutes (article 25, c. 60, R. L. 1910) provide the method by which a party desiring to have a judgment or order reversed may present in an abridged form enough of the proceedings to enable the appellate court to clearly understand the questions involved and declare that the judge's certificate shall be prima facie evidence of the facts therein recited, and the correctness of such recitals may not be

questioned unless the case-made shows on its face that such certificate is in some material respect incorrect or it may be proven incorrect by affidavits or other evidence in connection with a motion to correct the case-made. The statute does not authorize the certificate or the correctness of the recitals therein contained to be impeached on motion to dismiss as is here attempted."

It is further said in the opinion:

"A number of decisions basing their conclusion upon sections 5317 and 5324, Rev. Laws 1910 [sections 860 and 867, Compiled Statutes 1921] have held that it is necessary for the case-made to affirmatively show that both orders of the court and vacation or chambers orders have been entered on the journal. These sections are not a part of the procedure regulating appeals by petition in error with case-made attached, but prescribe duties of a ministerial nature to be performed by the clerk."

In the case of First National Bank v. Reed, 58 Okla. 752, 161 Pac. 531, in the body of the opinion it is said:

"The second ground of the motion to dismiss is that the judgment appealed from is not shown to have been entered upon the journal of the court below. This ground should be overruled."

In the case of Mutual Life Insurance Co. v. Buford, 61 Okla. 158, 160 Pac. 928, it is said in section two of the syllabus:

"That the case-made does not affirmatively show that orders extending time to prepare and present case-made are entered upon the journal of the court, is not sufficient ground for dismissal of appeal."

In the case of Keenan v. Chastain, 64 Okla. 16, 164 Pac. 1145, section 1 of the syllabus is as follows:

"Section 5317, Rev. Laws 1910 (section 860 Compiled Statutes 1921), requiring orders made out of court to be forthwith entered on the journal of the court by the clerk, is directory, and compliance with said requirement that such orders be so entered is not essential to the validity of such orders, nor is it necessary that the case-made show affirmatively the recording thereof."

We are not unmindful that in the recent cases of Malaski et al. v. Farris, 93 Okla. 81, 219 Pac. 323, and Alexander v. Phelan, 97 Okla. 272, 222 Pac. 510, the rule contended for by the defendant is announced under the authority of Board of Commissioners of Mayes County v. Vann, 60 Okla. 86, 159 Pac. 297; Hilligoss v. Webb, 60 Okla. 89, 159 Pac. 291; Mobley v. C., R. I. & P. R. Co., 44 Okla. 788, 145 Pac. 321; In re Garland Lumber Co., 52 Okla. 585, 153 Pac. 153.

These former decisions of this court cited in the two opinions above referred to were overruled upon this question in St. L. & S. F. R. Co. v. Taliaferro, supra, which case, we are of the opinion, is supported by the better reason and the weight of authority and is therefore conclusive upon this proposition.

The case of Negin v. Picher Lumber Co., 77 Okla. 285, 186 Pac. 205, cited in Alexander v. Phelan, supra, shows that the record contained no final judgment of the court, and is therefore not applicable to the instant case, as authority upon this proposition.

That the case-made does not affirmatively show that the judgment appealed from had been entered in the journal of the court is not sufficient ground for dismissal of appeal, where, as in this case, the record contains a copy of the journal entry of the judgment agreed to by the attorneys of the parties and the case-made is duly certified by the judge who tried the case as true and correct.

It is further contended by counsel for plaintiff in their brief that the judgment of the lower court should be sustained by reason of an agreement between counsel for plaintiff and for defendants to the effect that the judgment in this case should follow the decision in another case (Illinois Bankers' Life Association v. Jackson et al., 88 Okla. 133, 211 Pac. 508) ; that by reason of this agreement the plaintiff contends that, having relied upon the same, plaintiff is entitled to have the judgment of the lower court sustained.

The record contains such a stipulation. Counsel for defendants say in their brief, however, that—

"That stipulation was entered into at the time when the parties believed that the clause in the insurance contract involved was the same as the one involved in the other case pending in the court and mentioned therein The parties acted in the utmost good faith under this misapprehension of the facts. It was later found that the clauses involved and the cases mentioned in the stipulation were not the same, but on the contrary vastly different in the language used and the meaning attributed thereto by the various courts."

Counsel for plaintiff, in their brief, do not, as we understand it, seriously contend that the judgment of the trial court should be sustained by reason of anything said in the said stipulation to the effect that the judgment in this case should follow the decision in another case, and in these circumstances we deem it proper to determine the case upon the merits.

The one and only question for our determination is:

"Do the provisions of the policy sued on in this case prevent a recovery under the policy, the insured having died in the military service of the United States while it was engaged in war?"

It is contended by counsel for defendant in their brief: First, that under the averments and admission of the pleadings as shown in this case there is no basis for the judgment in law and it ought not to be allowed to stand ; second, that under the pleadings in this case and the agreed statement of facts it was error upon the part of the court to render judgment against the plaintiff in error.

The admitted facts are that on the 22nd day of April, 1916, Owen Michael Davaney, age 23, filed his application with the defendant company for a policy of insurance, and in consequence of said application and the payment of the premiums in advance of $16.-10 the said defendant company did on the 25th day of May issue an insurance policy on the life of said Owen Michael Davaney, which policy was duly delivered to him during his lifetime ; that said policy, among other things, contained the following clause :

"It is expressly provided that death while in the service in the army or navy of any government in time of war is not a risk covered at any time during the continuance or reinstatement of this policy of any greater sum than the amounts actually paid to the company herein."

It is admitted under an agreed statement of facts that the said Owen Michael Davaney died on the 14th day of October, 1918 at Camp Benjamin Harrison at Indianapolis, Ind., of influenza or "flu," which was then epidemic and prevalent in the United States and was common to both civil and military life, and that said deceased had paid the premiums on the said insurance policy and had kept the said policy alive and in force up to the time of his death.

Many decisions are cited in the brief of defendant to the effect that the military clause of the policy referred to absolves the company from liability in case of the death of the insured while in the military service of the government ; but it must, we think, be conceded that many other decisions have held the insurance company liable under similar policies, and under a similar state of facts.

This court, in the case of Barnett v. Merchants' Life Insurance Co., 87 Okla. 42, 208 Pac 271, and Illinois Bankers' Life Association v. Jackson, 88 Okla. 133, 211 Pac. 508,

had before it a state of facts resembling in material respects the facts in the instant case.

In the Barnett Case, supra, the insured, subsequently to the issuance of the policy sued on, enlisted in the Marine Corps of the United States Army in June, 1918. In September of that year the insured, under military orders, was transported to France and died of broncho-pneumonia within two days after landing at Brest. The policy in that case provided in part as follows:

"This policy is unrestricted as to travel, residence, or occupation, except that if at any time the insured shall engage in military or naval service in time of war (the militia not in active service excepted) he shall secure the company's written consent and pay the extra premium therefor as from time to time fixed by the company. In the event of noncompliance with this requirement, the company's liability hereon in case of death of the insured while in such service will be limited to an amount equal to the legal reserve hereon at date of death."

Counsel for plaintiff, in their brief, frankly concede, if we are not mistaken, that if the court in the cases of Barnett v. Merchants' Life Insurance Co. and Illinois Bankers' Life Association v. Jackson, supra, had been considering a provision such as is found in the instant case, that would be authority and that the present case would doubtless be ruled by those decisions, but it is earnestly insisted that the court was not dealing with such a provision in the cases referred to.

It is contended that in the Barnett Case, supra, this court was dealing with a policy which provided that it was unrestricted as to travel, residence, or occupation, except that if at any time the insured shall engage in army or naval service in time of war," etc.

It is pointed out that the term "engage" is not used in the policy in the instant case; that the exemption here applied when and wherever the insured is in the service of the army or navy. It is true that in the Barnett Case the provision of the policy is "that if at any time the insured shall engage in army or naval service;" and that in the instant case the provision of the policy is, in that respect, "that death while in the service of the army or navy of any government in time of war is not a risk covered" by the policy, but we are unable to agree with counsel for defendants that the decisions of this court referred to differentiated the provision before the court in those cases from the provision in the case at bar.

This court, in the Barnett Case, supra, clearly announced the rule that before the insurer can secure the advantage of the military clause exempting it from liability, it must affirmatively show that the hazard to the insured was increased by reason of his enlistment in the military service of the government. The following language used in the opinion in the Barnett Case shows, we think, conclusively the principle upon which the decision rests:

"The phrase 'engaged in military service in time of war,' in order to have a consistent and harmonious construction in connection with the general terms and scope of the insurance contract, must denote such service as would increase the hazard or risk of the insurer."

In this case the insured died of a disease which it is admitted, was then prevalent throughout the country and common to people in both civil and military life, and there is nothing in the record to show or that tends to show that the entrance of the insured into the military service of his country contributed directly or indirectly to his death. At the time of his death in an army camp in Indiana, the insured was thousands of miles from the scene of war, and the agreed statement of facts does not conclusively prove more than that the insured died while in military service and not that his death resulted therefrom.

In the light of these facts we cannot say that the hazard was increased by the fact that the insured was inducted into the military service.

We think the rule announced in the decisions of this court heretofore referred to applies to the instant case. We are therefore of the opinion that the judgment of the trial court should be affirmed.

All the Justices concur.