IRENE JORGENSON, PLAINTIFF-APPELLANT, v. METRO-POLITAN LIFE INSURANCE CO., A CORPORATION OF THE STATE OF NEW YORK, DEFENDANT-RESPONDENT.

Submitted May 6, 1947—Decided September 23, 1947.

Before Justices BODINE, HEHER and WACHENFELD.

For the plaintiff-appellant, *David I. Stepacoff* (*James F. Patten,* of counsel).

For the defendant-respondent, *Clifford I. Voorhees.*

*Amicus curiæ, Nathan Duff,* for the United War Veterans of America (World War II).

The opinion of the court was delivered by

WACHENFELD, J. This case presents the construction and validity of a life insurance policy provision exempting liability for accidental death benefit, *i. e.*, double indemnity, where death occurs while insured is in military or naval service in time of war.

The respondent issued on August 3d, 1936, two policies of life insurance on the life of Wilbur Jorgenson under which the appellant, his wife, was the beneficiary. Each policy was for the principal sum of $500 and provided double that sum would become due and payable as a result of the accidental death of the insured, but liability was limited by the following provision: "No Accidental Death Benefit will be paid if the death of the Insured is the result of self-destruction * * * or while the Insured is in military or naval service in time of war."

On October 18th, 1944, the insured was a member of the United States Army in the corps of military police on duty at Bangalore, India. While on town patrol in that city, the motorcycle which he was riding became involved in an accident and he suffered a fractured skull from which he died the same date.

Upon proof of death and claim for $1,000 under each policy, the company only paid the principal sum of $500, refusing to pay the sum due for accidental death on the ground the insured was not covered since he was a member of the military forces in time of war. In an action instituted to recover the additional $500 under each policy, the Middlesex County Court of Common Pleas, on a stipulation of facts, rendered judgment in favor of the respondent.

The first question presented is one of construction as to whether the provision exempting liability of the insurer applies to death from any cause while insured is in military service or merely to death due to a cause peculiar to such service. Admittedly the insured was a member of the United States armed forces, stationed in India in time of war at the time of his death. The language of the exemption clause clearly expressed the intention to establish such status as the

basis of exemption from liability. *Caruso* v. *John Hancock Mutual Life Insurance Co.,* 25 *N. J. Mis. R.* 318.

It is argued that behind the apparent clarity of the clause there lurks an ambiguity which should be resolved in favor of the insured. This argument stems from decisions in other jurisdictions which indicate conflicting results have been reached in the interpretation of military or naval service exemption provisions. The phraseology of 'these policies is of paramount consideration in determining whether status or causation of military service is intended as the basis for exemption of liability. Where status of military service has been rejected as the basis for exemption, there has been, in most cases, a word or phrase indicating that death due to a cause peculiar to military service was intended, or at least a doubt was raised which should be resolved in favor of the insured. In this category are the cases construing the exemption of liability for death while insured is "engaged" in military service. *Benham* v. *American Central Life Insurance Co.,* 140 *Ark.* 612; 217 *S. W. Rep.* 462; *Railey* v. *United Life and Accident Insurance Co.,* 26 *Ga. App.* 269; 106 *S. E. Rep.* 203; *Boatwright* v. *American Life Insurance Co.,* 191 *Iowa* 253; 180 *N. W. Rep.* 321; *Long* v. *St. Joseph Life Insurance Co.* (*Mo.*), 248 *S. W. Rep.* 923; *Myli* v. *American Life Insurance Co.,* 43 *N. D.* 495; 175 *N. W. Rep.* 631; *Kelly* v. *Fidelity Mutual Life Insurance Co.,* 169 *Wis.* 274; 172 *N. W. Rep.* 152. *Contra: Bradshaw* v. *Farmers' and Bankers' Life Insurance Co.,* 107 *Kan.* 681; 193 *Pac. Rep.* 332; *Reid* v. *American National Ass. Co.,* 204 *Mo. App.* 643; 218 *S. W. Rep.* 957; *Olson* v. *Grand Lodge, A. O. U. W.,* 48 *N. D.* 285; 184 *N. W. Rep.* 7.

Other cases have reached the same conclusion where the insurance clause exempted liability for death "in consequence of" military service, *Gorder* v. *Lincoln National Life Insurance Co.,* 46 *N. D.* 192; 180 *N. W. Rep.* 514, or death "resulting" from military service. *Johnson* v. *Mutual Life Insurance Co.,* 154 *Ga.* 653; 115 *S. E. Rep.* 14; *Malone* v. *State Life Insurance Co.,* 202 *Mo. App.* 499; 213 *S. W. Rep.* 877; *Smith* v. *Sovereign Camp,* 204 *S. C.* 180; 28 *S. E. Rep.* (*2d*) 808. In *Arendt* v. *North American Life Insur-*

*ance Co.,* 107 *Neb.* 716; 187 *N. W. Rep.* 65, where the coverage clause was against death from any "cause," except military or naval service, the court determined death from influenza, being common to civilian and military life, was not within its scope.

On the other hand, it has been held the status of the insured as a member of the armed forces was contemplated by a provision exempting liability for death "while in" the military service. *Life and Casualty Insurance Co.* v. *McLeod,* 70 *Ga. App.* 181; 27 *S. E. Rep.* (2d) 871; *Marks* v. *Supreme Tribe of Ben Hur,* 191 *Ky.* 385; 230 *S. W. Rep.* 540; *Huntington* v. *Fraternal Reserve Ass.,* 173 *Wis.* 582; 181 *N. W. Rep.* 819. *Contra: Young* v. *Life and Casualty Insurance Co.,* 204 *S. C.* 386; 29 *S. E. Rep.* (2d) 482. It has similarly been held where the clause provided for exemption of liability for death if the insured is "under enrollment" in the military service. *State Mutual Insurance Co.* v. *Harmon,* 72 *Ga. App.* 117; 33 *S. E. Rep.* (2d) 105; *White* v. *Standard Life Insurance Co.* (*Miss.*), 22 *So.* (2d) 353. The same result was reached where the policy provided that military service in time of war was a "risk" not assumed. *Miller* v. *Illinois Bankers' Life Ass.,* 138 *Ark.* 442; 212 *S. W. Rep.* 310; *Ruddock* v. *Detroit Life Insurance Co.,* 209 *Mich.* 638; 177 *N. W. Rep.* 242. *Contra: Atkinson* v. *Indiana National Life Insurance Co.,* 194 *Ind.* 563; 143 *N. E. Rep.* 629; *Illinois Bankers' Life Ass.* v. *Davaney,* 102 *Okla.* 302; 226 *Pac. Rep.* 101.

Certain rules for the construction of insurance contracts have been enunciated by the courts of this state. Forfeitures of insurance policies are not favored in the law and such policies will be liberally construed to uphold the contract. *Hampton* v. *Hartford Fire Insurance Co.,* 65 *N. J. L.* 265; *Rockmiss* v. *New Jersey Manufacturers, &c., Co.,* 112 *Id.* 136. The insurer having in most cases drawn the particular policy, all doubt as to the construction of terms in an insurance policy is to be construed most strongly against the insurer and in favor of the insured. *Connell* v. *Commonwealth Casualty Co.,* 96 *Id.* 510; *Gans* v. *Columbia Insurance Co.,* 99 *Id.* 44; *affirmed,* 100 *Id.* 400; *Caruso* v. *John Hancock Mutual Life Insurance Co., supra.*

The words in an insurance policy, however, will be given their ordinary and usual meaning; and if there is no ambiguity, a strained or distorted construction will not be applied. *Downs* v. *New Jersey Fidelity and Plate Glass Insurance Co.,* 91 *N. J. L.* 523; *Bew* v. *Travelers' Insurance Co.,* 95 *Id.* 533; *Teitelbaum* v. *Massachusetts Accident Co.,* 13 *N. J. Mis. R.* 811; *affirmed,* 116 *N. J. L.* 417. If consistent with public policy, the insurance contract will be enforced. *Pisker* v. *Metropolitan Life Insurance Co.,* 115 *Id.* 582. As stated in *Kupfersmith* v. *Delaware Insurance Co.,* 84 *Id.* 271, 275, and followed in *Smith* v. *Fidelity and Deposit Co.,* 98 *Id.* 534:

"The law will not make a better contract for the parties than they themselves have seen fit to enter into, or alter it for the benefit of one party and to the detriment of the other. The judicial function of a court of law is to enforce a contract as it is written."

The terms of the instant contract are clear. The latent ambiguity found by courts of other jurisdictions in construing military service exemption clauses is not applicable here since those provisions were of different terminology. To adopt the view that military service status was not meant by this clause would do violence to the express terms of the contract and "under such circumstances would be to misconstrue terms of a contract concerning which there is no room for construction, because the meaning is perfectly plain." *Harris* v. *American Casualty Co.,* 83 *N. J. L.* 641, 645.

The validity of this military service exemption clause is challenged as being contrary to public policy. It is argued such a provision tends to deter voluntary enlistment and to induce the holder of such a policy to resist involuntary service.

The purpose of such a clause is not insidious or difficult to understand. Military or naval service in time of war, whether in training or combat, is admittedly hazardous, fraught with incalculable danger. It is difficult to determine the scope of risks assumed by members of the armed forces in view of the methods of warfare, keeping in mind the possible devastation of present and future developments. An insurance com-

pany has the right to limit its liability to particular risks. If it will only assume risks which it feels can be calculated, and clearly and plainly so states, this court will not increase such liability.

No evidence has been presented showing a tendency or effect of this provision to deter enlistments; nor does the provision cause a forfeiture of the policy, but merely suspends liability of the company during the period of service, and that for only double indemnity.

Public policy has been defined by decisions of this state as "that principle of law which holds that no person can lawfully do that which has a tendency to be injurious to the public, or against the public good." *Driver* v. *Smith*, 89 *N. J. Eq.* 339, 358. Public policy, however, is not a circumscribed legal principle only adverted to in a particular case but, rather, underlies all judicial action. Stemming from our state and federal constitutions, it is also public policy to uphold the freedom of contract, but this court is reluctant to enforce the exercise of that freedom where it tends to result in injury to persons beyond the immediate parties. Hence, an agreement to surrender a personal right will not be invalidated if its effect is limited to the parties thereto, *Elzey* v. *Ajax Heating Co.*, 10 *N. J. Mis. R.* 281; *Fidelity Union Trust Co.* v. *Reeves*, 96 *N. J. Eq.* 490; *affirmed*, 98 *Id.* 412; *Allen* v. *Commercial Casualty Insurance Co.*, 131 *N. J. L.* 475; but an agreement extends beyond the scope of the immediate parties when it is calculated to interfere with the production of necessary war material, *Driver* v. *Smith, supra*, or to disrupt the family relationship of others, *Girard Trust Co.* v. *Schmitz*, 129 *N. J. Eq.* 444, or to tend improperly to influence official action. *Stone* v. *William Steinen Manufacturing Co.*, 133 *N. J. L.* 16.

The validity of clauses of this type has been uniformly upheld by other jurisdictions. The court in *Miller* v. *Illinois Bankers' Life Ass.*, 138 *Ark.* 442; 212 *S. W. Rep.* 310; 7 *A. L. R.* 378, 380, succinctly explained:

"We do not think the argument is well-founded. An insurance company has the right to select the particular risks it is willing to assume, and there is no public policy against

a contract of this sort exempting the insurance company, in advance, from liability for death of the insured while in the military or naval service of the government. The stipulation does not provide for a forfeiture of the policy, merely for an exemption from liability under certain circumstances and conditions. It holds out no inducements to the insured to refrain from enlistment in his country's service, and does not constitute, in any sense, an agreement not to enlist or evade the Draft Law. No authorities are cited by counsel in support of the contention, and we are unable to find any cases in which the question has been raised."

This result has subsequently been specifically approved in other jurisdictions. *Railey* v. *United Life and Accident Insurance Co., supra; Bradshaw* v. *Farmers' and Bankers' Life Insurance Co., supra; Marks* v. *Supreme Tribe of Ben Hur, supra; Ruddock* v. *Detroit Life Insurance Co., supra; Long* v. *St. Joseph Life Insurance Co., supra; Reid* v. *American National Ass. Co., supra.*

Having determined that the provision concerned applies to the instant case and its validity is not contrary to public policy, the respondent is not liable for double indemnity.

Judgment affirmed, but without costs.